William D. Janicki (SBN 215960)
wjanicki@schnader.com
Lilian M. Loh (SBN 296196)
lloh@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
650 California Street, 19th Floor
San Francisco, CA 94108
Telephone: 415-364-6700
Facsimile: 415-364-6785

J. Denny Shupe (admitted *pro hac vice*)
dshupe@schnader.com
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215-751-2300
Facsimile:  215-972-7413

Attorneys for Defendant AAI CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. SPRINGER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ATOMICS AERONAUTICAL SYSTEMS INC., a Delaware corporation, AAI CORPORATION, a Maryland corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  16-cv-2331-BTM-KSC<br><br>**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**<br><br>Date:     TBD<br>Judge:   Magistrate Karen S. Crawford<br>Place:    U.S. District Court<br>            333 W. Broadway, Suite<br>            San Diego, CA  92101 |

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

Defendants General Atomics Aeronautical Systems Inc. ("GA-ASI") and AAI Corporation ("AAI") submit this Joint Motion for Determination of Discovery Dispute: GA-ASI's Responses to AAI's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions ("First Set of Discovery").

AAI requests that the Court order GA-ASI to fully and completely respond to AAI's First Set of Discovery pursuant to Federal Rules of Civil Procedure ("Rule") 33, 34, and 36 and to produce responsive answers and documents in a timely manner.  AAI also requests an order granting sanctions against GA-ASI and its attorneys of record for AAI's fees and expenses in bringing this motion pursuant to Rules 26(g)(3) and Rule 37(a)(5)(A).

# I.    MEET AND CONFER EFFORTS BETWEEN THE PARTIES

On July 5, 2017, AAI propounded its First Set of Interrogatives, Requests for the Production of Documents, and Requests for Admissions on GA-ASI.  After receiving several extensions of time to answer, GA-ASI responded to this First Set of Discovery on September 8, 2017.

On September 19, 2017, counsel for AAI first contacted counsel for GA-ASI with a letter highlighting the deficiencies of GA-ASI's discovery responses and requesting counsel's availability to meet and confer via telephone conference. (Janicki Decl., Ex. 1.)  Counsel for AAI followed up with an email on September 22, 2017 again requesting a time to meet and confer via telephone conference to narrow the issues prior to bringing a motion to compel.  (Janicki Decl., Ex. 2.)  The parties agreed to conduct a telephone conference on September 28, 2017.  On September 27, 2017, in advance of the telephone conference, counsel for AAI sent GA-ASI a draft Joint Motion for Determination of Discovery Dispute and requested GA-ASI's input by October 11, 2017 for all issues that remained unresolved.  (Janicki Decl., Ex. 3.)  The parties conducted a telephone conference on September 28, 2017.  (Janicki Decl. ¶ 7.)  On September 29, 2017, counsel for AAI sent a confirming email to counsel for GA-ASI stating that the parties

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

discussed the issues raised in AAI's draft Joint Motion for Determination of Discovery Dispute, that GA-ASI agreed to provide supplemental responses, and that AAI requested input from GA-ASI for the joint motion for all issues not fully responded to by GA-ASI.  (Janicki Decl., Ex. 4).  On October 9, 2017, counsel for AAI again sent the draft Joint Motion for Determination of Discovery Dispute to counsel for GA-ASI requesting input by October 11, 2017.  (Janicki Decl. Ex. 5.) On October 17, 2017, GA-ASI provided its input to this joint motion, but has still not provided supplemental discovery responses, or any responses under oath, or a description of its efforts to obtain responsive information. The contested discovery has been outstanding since July, and still AAI has not responded under oath or produced relevant documents.  The parties could not resolve all of their disputes following these meet and confer efforts.

## II.    NATURE OF THE ACTION

This action arises out of an alleged personal injury to Plaintiff Daniel J. Springer ("plaintiff") during the operation of an unmanned aircraft system ("UAS") owned by the U.S. Army at Fort Huachuca, Arizona.  At the time of his injury, Plaintiff was employed by GA-ASI as a defense contractor for the Army working on the Gray Eagle UAS program.  The Complaint names GA-ASI and AAI as defendants, alleging each manufactured defective equipment causing Plaintiff's injuries.

On October 10, 2014, Plaintiff was located in a GA-ASI-manufactured ground control station ("Legacy GCS") acting as a back-up pilot for the Gray Eagle UAS.  The primary Gray Eagle pilots were conducting training of Army personnel in an AAI-manufactured One System Ground Control Station ("OSGCS") which was connected by cables to the Legacy GCS where Springer was working.  Both the Legacy GCS and the OSGCS were purchased by the Army under a contract with GA-ASI.  AAI was a subcontractor to GA for the OSGCS. The OSGCS was connected to the Legacy GCS using a junction box, cable, and

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

procedures developed by GA in order to have emergency and backup pilot capability for the Gray Eagle UAS.  Plaintiff, while in the Legacy GCS, was connected via audio cable, headphones and junction box to the OSGCS.

Plaintiff alleges that the headphones and audio link used with the Legacy GCS equipment produced a loud and unexpected piercing noise that caused severe ringing and pain in his right ear, tinnitus, and permanent and total hearing loss in that ear.  As a result of his bodily injury and emotional distress, Plaintiff asserts causes of action against GA and AAI for strict liability and negligence.

## III.   CONTESTED INTERROGATORY RESPONSES

AAI argues that all of GA-ASI's interrogatory responses fail to comply with Rule 33 because they are not provided under oath.  For interrogatories 1 to 7 and 11, GA-ASI's responses are further deficient because: (1) they contain improper boilerplate objections; (2) they are not responsive to the question; (3) they are vague, evasive, and incomplete; (4) they fail to explain why GA-ASI is unable to provide the information requested; and (5) they fail to describe the efforts GA-ASI made to obtain the requested information under oath.

### a.  **GA-ASI's "General Objections"**

The following general objections apply to each and every separately-numbered interrogatory and are incorporated by reference into each and every specific response herein as if set forth in full.

1.      GA-ASI objects to each Interrogatory to the extent it fails to comport with the limitations of the Federal Rules of Civil Procedure, including calling for information that is not relevant to Plaintiff Daniel J. Springer's ("Plaintiff") claims as alleged in the Complaint and are not proportional to the needs of the case.

2.      GA-ASI objects to each Interrogatory to the extent it seeks information not relevant to the subject matter of the instant litigation, not calculated to lead to the discovery of admissible evidence, and is unduly burdensome and oppressive.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

3.      GA-ASI objects to each Interrogatory to the extent it seeks information from documents not in GA-ASI's possession, custody, or control.

4.      GA-ASI objects to each Interrogatory to the extent it seeks to require GA-ASI to respond on behalf of any entity other than GA-ASI.

5.      GA-ASI objects to each Interrogatory to the extent it contains multiple parts, or is vague and ambiguous.

6.      GA-ASI objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.  Any inadvertent disclosure of privileged, protected, or immunized information shall not be deemed a waiver of such privilege, protection, or immunity.

7.      GA-ASI objects to each Interrogatory to the extent it calls for trade secrets, proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act enacted as California Civil Code § 3426, *et seq.*, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI.

8.      GA-ASI objects to each Interrogatory to the extent it seeks to impose on GA-ASI an obligation to investigate or discover information or materials from third parties or other sources that are equally available to AAI.

9.      GA-ASI objects to each Interrogatory to the extent it calls for or otherwise seeks information that is the subject of expert witness testimony.

10.     GA-ASI objects to the definition of "YOU," "YOUR," and "GA" as overly broad and invading the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S
RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

No incidental or implied admissions are intended by GA-ASI's responses to the Interrogatories. GA-ASI's responses to the Interrogatories do not waive or prejudice any objections GA-ASI may assert now or in the future.

### *i.   AAI's Position Why Such Boilerplate Objections Are Improper*

On September 8, 2017, GA-ASI provided written responses to AAI's first set of interrogatories in which every response incorporates the ten improper boilerplate objections identified as General Objections.   These boilerplate objections are blatantly improper as they are devoid of factual support or specificity.  More importantly, they obscure whether GA-ASI has fully responded to AAI's interrogatories because every response is made "subject to" these improper objections.

Where "the responding party provides a boilerplate or generalized objection [to discovery], the 'objections are inadequate and tantamount to not making any objection at all.'"  *O'Shea v. Am. Solar Sol., Inc.*, No. 14CV894-L (RBB), 2016 WL 701215, at *2 (S.D. Cal. Feb. 18, 2016); *Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC WVG, 2013 WL 990918, at *6 (S.D. Cal. Mar. 12, 2013) (quoting *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

A catalogue of boilerplate objections, including that a request is vague, ambiguous, overbroad, duplicative, and seeks irrelevant information, but which fail to provide any explanation or support for the objection is an insufficient response. *See Herrera v. AllianceOne Receivable Mgmt., Inc.*, No. 14-CV-1844-BTM (WVG), 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016).  Responses which state without explanation that discovery requests are overbroad, unduly burdensome, unduly redundant to other discovery, oppressive, calls for narrative are general or boilerplate objections and are not proper objections.  *Morrow v. City of San Diego*, No. 11 cv 1497-BAS(KSC), 2017 U.S. Dist. LEXIS 44788, at *3

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

(S.D. Cal. Mar. 24, 2017) (quoting *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649-650 (C.D. Cal. 2007)).

In responding to discovery, a party must clarify, explain, and support its objections. *Herrera*, 2016 WL 1182751, at *3 (citing *Anderson v. Hansen*, No. 1:09-CV-01924-LJO, 2012 WL 4049979, at *8 (E.D. Cal. Sept. 13, 2012)). "An objection must show specifically how [a discovery request] is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Morrow*, 2017 U.S. Dist. LEXIS 44788, at *3 (S.D. Cal. Mar. 24, 2017) (quoting *Chubb Integrated Sys. v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984)).

This Court has found that when a party provides boilerplate objections with "no attempt to support their boilerplate objections with any explanation whatsoever," the requesting party is "entitled to an order compelling [responding party] to provide full and complete responses to defendant's special interrogatories without objections." *See Morrow*, 2017 U.S. Dist. LEXIS 44788, at *3. This Court has further held that unsupported boilerplate objections to interrogatories are insufficient and their use waives any legitimate objection. *Id.*

Here, GA-ASI's use of boilerplate objections is particularly problematic because they mask whether GA-ASI has provided full and complete responses to AAI's discovery requests. AAI therefore requests an order that GA-ASI remove its General Objections, respond fully to each request, and order sanctions against GA-ASI and its attorneys of record under Rules 26 and 37 for the improper use of boilerplate objections and obstructing discovery. Despite promising supplemental discovery responses for weeks, none have yet been provided.

### ii. GA-ASI's Position

AAI takes issue with GA-ASI's use of objections in its responses to AAI's Interrogatories, Set One. However, AAI's concerns with respect to GA-ASI's use of objections are unwarranted for several reasons.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

First, GA-ASI has not withheld any relevant and responsive information in response to AAI's Interrogatories, Set One based on its asserted objections.  In other words, any information uncovered by GA-ASI through its diligent search, which included interviewing multiple witnesses and individuals who most likely would have knowledge of responsive and relevant information, was included in GA-ASI's responses.  Second, GA-ASI is also unaware of withholding any information on the basis of privilege with respect to the timeframe prior to the filing of Plaintiff's lawsuit.  As indicated in GA-ASI's responses, discovery is ongoing, and GA-ASI explicitly reserved its right to change and/or supplement its responses.  Therefore, AAI's purported concerns that GA-ASI did not provide full and complete responses because GA-ASI also asserted objections is unfounded.  Finally, despite the foregoing, after meeting and conferring with counsel for AAI, GA-ASI has agreed to supplement its responses to AAI's Interrogatories, Set One and to remove certain previously asserted objections.  GA-ASI anticipates serving the supplemental responses within two weeks.

**b. <u>GA-ASI's Responses Are Not Provided Under Oath and Fail to Describe Efforts to Obtain the Answer</u>**

### i. *AAI's Position Why Responses Are Improper*

Interrogatories must be answered "separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).

"A party answering interrogatories has an affirmative duty to furnish any and all information available to the party."  *Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) (quoting 7 James Wm. Moore, et al., Moore's Federal Practice, § 33.102[1], at 33-72 (footnote omitted)).  "If a responding party is unable to provide the requested information, he may not simply refuse to answer." *Bryant*, 285 F.R.D. at 612.  The responding party must state under oath that he is unable to provide the information and must describe the efforts he used to obtain the information.  *Id.*; see also 7 James Wm. Moore, et al., Moore's Federal

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

Practice, § 33.102[3], at 33-75 (footnote omitted); *Franklin v. Smalls*, No. 09CV1067 MMA RBB, 2012 WL 5077630, at *6 (S.D. Cal. Oct. 18, 2012) ("responding party must state under oath that he is unable to answer the interrogatory and must describe the efforts made to obtain the answer").

Here, GA-ASI has failed to answer AAI's interrogatories under oath or describe its efforts to obtain the answer when it cannot fully respond, and fails to identify any individuals with knowledge of relevant information that were interviewed.

### ii. *GA-ASI's Position*

Any information uncovered by GA-ASI through its diligent search, which included interviewing multiple witnesses and individuals who would most likely have knowledge of relevant information responsive to AAI's Interrogatories, Set One, was included in GA-ASI's responses. Put differently, GA-ASI included in its responses all relevant and responsive information known to it at the time of its responses. As indicated in GA-ASI's responses, discovery is ongoing, and GA-ASI explicitly reserved its right to change and/or supplement its responses. In addition, GA-ASI has agreed to supplement its responses to AAI's Interrogatories, Set One and to to provide verifications with its supplemental responses to AAI's Interrogatories, Set One.

### c. **GA-ASI's Response to Interrogatory 1**

**INTERROGATORY NO. 1:**

IDENTIFY the LEGACY GCS in which Daniel Springer was working at the time of the INCIDENT, which is referred to as the "Legacy Shelter" in Mr. Springer's EMPLOYEE STATEMENT.

The term "GCS" shall mean ground control station associated with the operation of an unmanned aircraft system.

IDENTIFY with respect to a GCS shall mean to state the model, serial number, location at the time of the INCIDENT, present location, contract name

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

8

and number under which the unit was sold to the U.S. Army, and the entity responsible for its design and manufacture.

**RESPONSE TO INTERROGATORY NO. 1:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Interrogatory on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI. GA-ASI further objects to this Interrogatory on the ground that it seeks information from documents not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Interrogatory on the ground that it calls for trade secrets, proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act, including any and all rights of privacy under the U.S.  Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI.  GA-ASI further objects to this Interrogatory on the ground that it requires GA-ASI to investigate and discover information or materials from third parties or other sources that are equally available to AAI.  GA-ASI further objects to this Interrogatory on the ground that it calls for or otherwise seeks information that is the subject of expert witness testimony.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  The Legacy GCS was approved by the U.S. Government pursuant to government contracts. The Legacy GCS, as defined by AAI, was located at Fort Huachuca, Arizona in front of the Gray Eagle hangar and was connected to the OSGCS. Other than the information contained in the relevant government contract, which GA-ASI will produce, GA-ASI has not yet located further information regarding the identification of the Legacy GCS or the OSGCS.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

9

### i. *AAI's Position Why Further Response Should be Compelled*

In addition to its ten General Objections, GA-ASI adds six additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI admits that it sold the Legacy GCS and the OSGCS to the U.S. Army and that it connected the two units with an audio cable.  At the time of the incident with plaintiff Mr. Springer, GA-ASI personnel were operating the Legacy GCS and responsible for the maintenance of the two units.  But, in response to discovery, GA-ASI now claims to have almost no information about the GCS units or the connection between them.  GA-ASI cannot identify the GCS units by model and serial number, cannot state where they are located, cannot state who is responsible for manufacturing and designing the units, cannot describe the connection between them, cannot identify the individuals responsible for connecting the two units together, and cannot locate the maintenance and operations records for them.

In this interrogatory, AAI requested that GA-ASI identify the Legacy GCS including the model, serial number, location at the time of the INCIDENT, present location, contract name and number under which the unit was sold to the U.S. Army, and the entity responsible for its design and manufacture.  GA-ASI responded only that the US Army "approved" the Legacy GCS and that it was located at Fort Huachuca at the time of the incident.  GA-ASI's answer is not responsive to the question and fails to explain why it is unable to provide the basic information requested and readily available to GA-ASI.

"An answer to an interrogatory must be responsive to the question" and it "should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories." *Lawman v. City & Cty. of San Francisco*, 159 F. Supp. 3d 1130, 1140 (N.D. Cal. 2016) (citation

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

10

Schnader Harrison Segal & Lewis LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: 415-364-6700
Facsimile: 415-364-67855

omitted).  An interrogatory response fails to comply with Rule 33 when it does not respond to information requested, and the party fails to explain under oath why they are unable to provide the information requested and fails to describe the efforts made to obtain the information.  *Eclipse Grp. LLP v. Target Corp.*, 2017 U.S. Dist. LEXIS 101491, \*24-25 (S.D. Cal. June 29, 2017).

GA-ASI's response to interrogatory No. 1 is not responsive to the information requested and fails to explain under oath why it is unable to provide the information.

### ii.  GA-ASI's Position

In its response, , based on a reasonable investigation which included witness interviews and document searches, GA-ASI  stated that it has produced the information it has located responsive to this request.  As AAI is aware, the Legacy GCS is no longer in the possession of GA-ASI and GA-ASI has no access to it because it was sold to the United States Army.  AAI has served a request to the U.S. Army for additional information related to the Legacy GCS and the parties are awaiting their response.  Nevertheless, if GA-ASI is able to locate additional information, it will supplement its responses and it will supplement this response to reflect the review it conducted.

### d.  GA-ASI's Response to Interrogatory 2

**INTERROGATORY NO. 2:**

IDENTIFY the OSGCS that Daniel Springer was monitoring at the time of the INCIDENT, which is referred to as the "OSGCS" in Mr. Springer's EMPLOYEE STATEMENT.

IDENTIFY with respect to a GCS shall mean to state the model, serial number, location at the time of the INCIDENT, present location, contract name and number under which the unit was sold to the U.S. Army, and the entity responsible for its design and manufacture.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**RESPONSE TO INTERROGATORY NO. 2:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Interrogatory on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Interrogatory on the ground that it seeks information from documents not in GA-ASI's possession, custody, or control.  GA-ASI also objects to this Interrogatory on the ground that it calls for trade secrets, proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI.  GA-ASI further objects to this Interrogatory on the ground that it requires GA-ASI to investigate and discover information or materials from third parties or other sources that are equally available to AAI.  GA-ASI further objects to this Interrogatory on the ground that it calls for or otherwise seeks information that is the subject of expert witness testimony.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  See Response to Interrogatory No. 1.

### i. *AAI's Position Why Further Response Should be Compelled*

In addition to its ten General Objections, GA-ASI adds six additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

AAI requested that GA-ASI identify the OSGCS including the model, serial number, location at the time of the INCIDENT, present location, contract name and number under which the unit was sold to the U.S. Army, and the entity

12

responsible for its design and manufacture.  GA-ASI's response is improper because it is not complete in itself and refers to the answer to another interrogatory.  GA-ASI's response states only that the Legacy GCS was connected to the OSGCS and that it was located at Fort Huachuca at the time of the incident.  GA-ASI's answer is not responsive to the question and fails to explain why it is unable to provide the information requested.

"An answer to an interrogatory must be responsive to the question" and it "should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories." *Lawman v. City & Cty. of San Francisco*, 159 F. Supp. 3d 1130, 1140 (N.D. Cal. 2016) (citation omitted).  An interrogatory response fails to comply with Rule 33 when it does not respond to information requested, and the party fails to explain under oath why they are unable to provide the information requested and fails to describe the efforts made to obtain the information.  *Eclipse Grp. LLP v. Target Corp*., 2017 U.S. Dist. LEXIS 101491, *24-25 (S.D. Cal. June 29, 2017).

GA-ASI's response to interrogatory No. 2 is not responsive to the information requested and fails to explain under oath why it is unable to provide the information.

### ii. GA-ASI's Position

In its response, based on a reasonable investigation which included witness interviews and document searches, GA-ASI stated that it has produced the information it has located responsive to this request.  Notably, the OSGCS that is subject to this request was manufactured by AAI and therefore the information related to it is in its possession.  Moreover, as stated above, GA-ASI has no access to the OSGCS because it too was sold to the United States Army.  AAI has served a request to the U.S. Army for additional information related to the OSGCS and the parties await their response.  Nevertheless, if GA-ASI is able to locate additional information, it will supplement its responses.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

### e. **GA-ASI's Response to Interrogatory 3**

**INTERROGATORY NO. 3:**

IDENTIFY the contract, statement of work, work authorization, or other document by which the OSCGS [sic] was connected to the LEGACY GCS to enable a pilot in the LEGACY GCS to monitor the audio system in the OSGCS.

**RESPONSE TO INTERROGATORY NO. 3:**

GA-ASI reasserts and incorporates by reference each of the general objections as if set forth fully herein. GA-ASI objects to this Interrogatory on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI. GA-ASI further objects to this Interrogatory on the ground that it seeks information from documents not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Interrogatory on the ground that it requires GA-ASI to investigate and discover information or materials from third parties or other sources that are equally available to AAI. GA-ASI further objects to this Interrogatory on the ground that it is vague and ambiguous as to the phrase "enable a pilot in the Legacy GCS to monitor the audio system in the OSGCS" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  GA-ASI will produce documents in response to this Interrogatory.

### i. *AAI's Position Why Further Response Should be Compelled*

In addition to its ten General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's answer is not responsive to the question and fails to explain why it is unable to provide the information requested.  GA-ASI does not identify the contract, statement of work, work authorization, or other document by which the OSCGS was connected to the LEGACY GCS. Furthermore, GA-ASI states it will

14

produce documents in response to this interrogatory, but GA-ASI has not identified

or produced any documents with responsive information.

### ii. GA-ASI's Position

In its response, GA-ASI agreed to produce the contract containing the

information sought by the request.  Subject to the parties' protective order in this

case, GA-ASI intends to do so within the next two weeks and it will contain the

responsive information in GA-ASI's possession.

### f. GA-ASI's Response to Interrogatory 4

**INTERROGATORY NO. 4:**

Fully describe the connection between the LEGACY GCS and the OSGCS

including all hardware, junction boxes, cables, software, and processes for

implementation in order to enable a pilot in the Legacy GCS to monitor the audio

system in the OSGCS.

**RESPONSE TO INTERROGATORY NO. 4:**

GA-ASI reasserts and incorporates by reference each of the general

objections as if set forth fully herein. GA-ASI objects to this Interrogatory on the

ground that it requires GA-ASI to respond on behalf of an entity other than GA-

ASI.  GA-ASI further objects to this Interrogatory on the ground that it seeks

information from documents not in GA-ASI's possession, custody, or control.

GA-ASI also objects to this Interrogatory on the ground that it requires GA-ASI to

investigate and discover information or materials from third parties or other

sources that are equally available to AAI.  GA-ASI further objects to this

Interrogatory on the ground that it is vague and ambiguous as to the phrase "enable

a pilot in the Legacy GCS to monitor the audio system in the OSGCS" and thus

does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds

as follows:  GA-ASI states that there was an audio cable that linked the Legacy

GCS to the OSGCS but has not yet located any information on who manufactured

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

or designed the audio cable or who connected the units. In addition, GA-ASI states that pilots were able to adjust the volume in their headsets and either brought their own headsets or used those in the Legacy GCS that were manufactured by third parties. To the extent GA-ASI locates documents regarding the connection between the Legacy GCS and the OSGCS, GA-ASI agrees to produce them.

### i. *AAI's Position Why Further Response Should be Compelled*

In addition to its ten General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity. These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's answer is not responsive to the question and fails to explain why it is unable to provide the information requested. GA-ASI does not identify the hardware, junction boxes, cables, software, and processes for implementation of the connection between the two GCS units. Furthermore, GA-ASI has not identified or produced any documents with responsive information.

### ii. *GA-ASI's Position*

In its response, GA-ASI produced the responsive information that it located following a review of its records and interviews with employees who are familiar with the subject. As stated throughout, the Legacy GCS and the OSGCS are no longer in GA-ASI's possession and it does not have access to them or the information sought by this request. Nevertheless, GA-ASI has agreed to supplement this response to the extent it locates additional information.

**g. GA-ASI's Response to Interrogatory 5**

**INTERROGATORY NO. 5:**

IDENTIFY the individuals involved in the contract, design, maintenance, and implementation of the connection between the LEGACY GCS and the OSGCS to enable a pilot in the Legacy GCS to monitor the audio system in the OSGCS, and describe each individual's role.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

**RESPONSE TO INTERROGATORY NO. 5:**

GA-ASI reasserts and incorporates by reference each of the general objections as if set forth fully herein.  GA-ASI objects to this Interrogatory on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI. GA-ASI further objects to this Interrogatory on the ground that it seeks information from documents not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Interrogatory on the ground that it requires GA-ASI to investigate and discover information or materials from third parties or other sources that are equally available to AAI. GA-ASI further objects to this Interrogatory on the ground that it is vague and ambiguous as to the phrases "individuals involved in the contract, design, maintenance, and implementation of the connection between the LEGACY GCS and the OSGCS" and "enable a pilot in the Legacy GCS to monitor the audio system in the OSGCS" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  After reasonable investigation, GA-ASI has not yet located any information in its records regarding the information requested.  The Legacy GCS was approved by the U.S. Government pursuant to government contracts.  Upon information and belief, the procedures used by pilots to monitor the audio system were approved by the U.S. Government.

### *i.   AAI's Position Why Further Response Should be Compelled*

In addition to its ten General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's answer is not responsive to the question and fails to explain why it is unable to provide the information requested.  GA-ASI fails to identify the individuals involved in the contract, design, maintenance, and implementation of

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

17

the connection between the LEGACY GCS and the OSGCS.  GA-ASI claims to have conducted a "reasonable investigation". but fails to explain who it interviewed, where it looked for documents, and why it cannot locate responsive information.  GA-ASI provides no basis for its claim that its investigation was reasonable, particularly when this information should be readily available.  GA-ASI claims it interviewed individuals with familiar with the subject but fails to identify a single person involved with connecting the GCS units together.

### ii.  GA-ASI's Position

In its response, GA-ASI stated that it had not located responsive information after a reasonable investigation.  The investigation included a review of its records and interviews with employees who are familiar with the subject.  As stated throughout, the Legacy GCS and the OSGCS are no longer in GA-ASI's possession and it does not have access to them or the information sought by this request.  Nevertheless, GA-ASI has agreed to supplement this response to the extent it locates additional information.

### h.  **GA-ASI's Response to Interrogatory 6**

**INTERROGATORY NO. 6:**

Fully describe the process for configuring and operating the audio connection between the LEGACY GCS and the OSGCS at the time of the INCIDENT to enable a pilot in the LEGACY GCS to monitor the audio system in the OSGCS.

**RESPONSE TO INTERROGATORY NO. 6:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Interrogatory on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Interrogatory on the ground that it seeks information from documents not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Interrogatory on the ground that it calls for trade secrets,

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67885

proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI. GA-ASI further objects to this Interrogatory on the ground that it requires GA-ASI to investigate and discover information or materials from third parties or other sources that are equally available to AAI.  GA-ASI further objects to this Interrogatory on the ground that it calls for or otherwise seeks information that is the subject of expert witness testimony.  GA-ASI also objects to this Interrogatory on the ground that it is vague and ambiguous as to the phrases "process for configuring and operating the audio connection" and "enable a pilot in the Legacy GCS to monitor the audio system in the OSGCS" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows: See Responses to Interrogatory Nos. 4-5.

### i.   AAI's Position Why Further Response Should be Compelled

In addition to its ten General Objections, GA-ASI adds six additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's answer is not responsive to the question and fails to explain why it is unable to provide the information requested.  GA-ASI fails to describe the process for configuring and operating the audio connection between the LEGACY GCS and the OSGCS.  GA-ASI provides no evidence to support that it conducted a reasonable investigation.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

### ii. GA-ASI's Position

In its response, GA-ASI directed AAI to its previously related responses which confirm that it produced the responsive information that it located following a review of its records and interviews with employees who are familiar with the subject and/or that it has not located additional responsive information.  As stated throughout, the Legacy GCS and the OSGCS are no longer in GA-ASI's possession and it does not have access to them or the information sought by this request.  Nevertheless, GA-ASI has agreed to supplement this response to the extent it locates additional information.

### i. __GA-ASI's Response to Interrogatory 7__

**INTERROGATORY NO. 7:**

IDENTIFY the procedures for configuring and operating the audio systems in the LEGACY GCS when monitoring the OSGCS audio system at the time of the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 7:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Interrogatory on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Interrogatory on the ground that it seeks information from documents not in GA-ASI's possession, custody, or control.  GA-ASI also objects to this Interrogatory on the ground that it calls for trade secrets, proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI.  GA-ASI further objects to this Interrogatory on the

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S
RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

ground that it requires GA-ASI to investigate and discover information or materials from third parties or other sources that are equally available to AAI.  GA-ASI further objects to this Interrogatory on the ground that it calls for or otherwise seeks information that is the subject of expert witness testimony.  GA-ASI also objects to this Interrogatory on the ground that it is vague and ambiguous as to the phrases "procedures for configuring and operating the audio systems" and "monitoring the OSGCS audio system" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  See Responses to Interrogatory Nos. 4-5.

### i.   AAI's Position Why Further Response Should be Compelled

In addition to its ten General Objections, GA-ASI adds six additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's answer is not responsive to the question and fails to explain why it is unable to provide the information requested.  GA-ASI fails to identify the procedures for configuring and operating the audio systems in the LEGACY GCS when monitoring the OSGCS audio system and refers to a response to another interrogatory.  GA-ASI provides no evidence to support that it conducted a reasonable investigation.

### ii.  GA-ASI's Position

In its response, GA-ASI directed AAI to its previously related responses which confirm that it produced the responsive information that it located following a review of its records and interviews with employees who are familiar with the subject and/or that it has not located additional responsive information.  As stated throughout, the Legacy GCS and the OSGCS are no longer in GA-ASI's possession and it does not have access to them or the information sought by this

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

1   request.  Nevertheless, GA-ASI has agreed to supplement this response to the

2   extent it locates additional information.

3       **j.   GA-ASI's Response to Interrogatory 11**

4   **INTERROGATORY NO. 11:**

5       For each Request for Admission, Set One, propounded by AAI Corp. for

6   which GA-ASI did not provide an unqualified admission, state all facts,

7   documents, and witnesses which support GA-ASI's response.

8   **RESPONSE TO INTERROGATORY NO. 11:**

9       GA-ASI reasserts and incorporates by reference each of the general

10  objections as if set forth fully herein.  GA-ASI objects to this Interrogatory on the

11  ground that it requires GA-ASI to respond on behalf of an entity other than GA-

12  ASI. GA-ASI further objects to this Interrogatory on the ground that it seeks

13  information from documents not in GA-ASI's possession, custody, or control.

14  GA-ASI also objects to this Interrogatory on the ground that it calls for trade

15  secrets, proprietary, or other confidential or competitively sensitive research,

16  development, or information that is protected by the Uniform Trade Secrets Act,

17  including any and all rights of privacy under the U.S. Constitution or any other

18  applicable law, or that is otherwise prohibited from disclosure because to do so

19  would cause GA-ASI to violate legal or contractual obligations to any other

20  persons or entities, including those to the U.S. Government, and would result in

21  substantial injury to GA-ASI.  GA-ASI further objects to this Interrogatory on the

22  ground that it requires GA-ASI to investigate and discover information or materials

23  from third parties or other sources that are equally available to AAI.

24      Subject to and without waiving the foregoing objections, GA-ASI responds

25  as follows:  The Legacy GCS was approved by the U.S. Government pursuant to

26  government contracts and it was manufactured per its direction.  Upon information

27  and belief, the procedures used by pilots to monitor the audio system were also

28  approved by the U.S. Government.  The following individuals may have

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

22

information relating to AAI's Request for Admission, Set One: (1) Bill McDermott; (2) Jim Lane; and (3) Scott Kelly.

After reasonable investigation, GA-ASI has not yet located any information or documents responsive to Requests for Admission Nos. 3, 6, 8, and 12-13, and therefore cannot admit or deny the Requests.  They are therefore deemed denied.

For Requests for Admission Nos. 4, 9, and 11, after reasonable investigation, GA-ASI has only been able to locate information or documents responsive to a portion of the Requests and therefore cannot admit or deny the entirety of the Requests.

### i.   *AAI's Position Why Further Response Should be Compelled*

In addition to its ten General Objections, GA-ASI adds six additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's answer is not responsive to the question and fails to explain why it is unable to provide the information requested.  GA-ASI fails to identify the facts, documents, and witnesses supporting GA-ASI's responses to AAI's Requests for Admissions that were not an unqualified admission.  GA-ASI provides no evidence to support that it conducted a reasonable investigation.

### ii.  *GA-ASI's Position*

GA-ASI's Response to Interrogatory No. 11 is the result of its diligent and reasonable efforts to locate responsive information to AAI's Interrogatories, Set One.  Any information uncovered by GA-ASI through its diligent and reasonable search, which included interviewing multiple witnesses and individuals who would most likely have knowledge of relevant information responsive to AAI's Interrogatories, Set One, was included in GA-ASI's responses.  Put differently, GA-ASI included in its responses all relevant and responsive information known to it at the time of its responses.   In addition, GA-ASI has agreed to supplement its

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

1   responses to AAI's Interrogatories, Set One.

2   **IV.   CONTESTED DOCUMENT REQUESTS**

3         All of GA-ASI's responses to AAI's document requests fail to comply with

4   Rule 34 in that they (1) contain improper boilerplate objections; (2) fail to provide

5   all relevant documents in GA-ASI's possession, custody, or control; (3) fail to

6   explain under oath why GA-ASI cannot locate responsive documents; (4)

7   incorporate unsupported objections; and (5) fail to state whether any documents are

8   withheld due to an objection.

9         **a.  GA-ASI's "General Objections"**

10        The following General Objections apply to each and every separately-

11   numbered Request and are incorporated by reference into each and every

12   specific response herein as if set forth in full.

13        1.     GA-ASI objects to each Request to the extent it fails to comport

14   with the limitations of the Federal Rules of Civil Procedure, including calling for

15   documents that are not relevant to Plaintiff Daniel J. Springer's ("Plaintiff")

16   claims as alleged in the Complaint and are not proportional to the needs of the

17   case.

18        2.     GA-ASI objects to each Request to the extent it is vague and

19   ambiguous.

20        3.     GA-ASI objects to each Request to the extent it seeks documents

21   not relevant to the subject matter of the instant litigation, not calculated to lead

22   to the discovery of admissible evidence, and is unduly burdensome and

23   oppressive.

24        4.     GA-ASI objects to each Request to the extent it seeks documents

25   not in GA-ASI's possession, custody, or control.

26        5.     GA-ASI objects to each Request to the extent it seeks information

27   protected by the attorney-client privilege, the attorney work product doctrine,

28   or any other applicable privilege or immunity.  Any inadvertent disclosure of

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

privileged, protected, or immunized documents shall not be deemed a waiver of such privilege, protection, or immunity.

6.      GA-ASI objects to each Request to the extent it calls for documents containing trade secrets, proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act enacted as California Civil Code § 3426, *et seq.*, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI.

7.      GA-ASI objects to each Request to the extent it seeks to impose on GA-ASI an obligation to investigate or discover documents from third parties or other sources that are equally available to AAI.

8.      GA-ASI objects to each Request to the extent it calls for or otherwise seeks documents that are the subject of expert witness testimony.

9.      GA-ASI objects to the definition of "YOU," "YOUR," and "GA" as overly broad and invading the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

10.      GA-ASI objects to the definition of "DOCUMENT" is overly broad and unduly burdensome, and beyond the scope of permissible discovery to the extent it includes information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

### i. *AAI's Position Why Such Objections Are Improper*

GA-ASI's General Objections are improper for the reasons stated above and should be removed from GA-ASI's response.  GA-ASI must state whether any documents are withheld due to an objection.  Rule 34(b)(2)(C).

### ii. *GA-ASI's Position*

AAI takes issue with GA-ASI's use of objections in its responses to AAI's

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

Requests for Production, Set One.  However, AAI's concerns with respect to GA-ASI's use of objections are unwarranted for several reasons.

First, GA-ASI is not aware of withholding any relevant and responsive documents in response to AAI's Requests for Production, Set One based on its asserted objections.  In other words, any documents uncovered by GA-ASI through its diligent and reasonable search for records were previously produced or will be produced, as stated in GA-ASI's responses.   Second, GA-ASI is also unaware of withholding any documents on the basis of privilege with respect to the timeframe prior to the filing of Plaintiff's lawsuit.  As indicated in GA-ASI's responses, discovery is ongoing, and GA-ASI explicitly reserved its right to change and/or supplement its responses, which includes further productions in response to AAI's Requests for Documents, Set One.  To the extent any responsive documents are withheld on the basis of privilege, a privilege log will be provided.  Therefore, AAI's purported concerns that GA-ASI did not provide all relevant documents in its possession, custody, or control because GA-ASI also asserted objections are premature.  Discovery is ongoing.  Finally, GA-ASI has agreed to supplement its responses as set forth below.

**b. <u>GA-ASI's Response to Request for Documents 1</u>**

**REQUEST FOR PRODUCTION NO. 1:**

All documents IDENTIFIED in response to AAI Corp.'s Interrogatories to GA, Set One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows: GA-ASI will produce documents in its possession that are responsive to this Request.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

### i. *AAI's Position Why Further Response Should be Compelled*

GA-ASI has failed to produce the responsive documents that it has agreed to produce, as required by the Federal Rules.  Rule 34 (b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.")  GA-ASI should be compelled to produce responsive documents immediately and state whether any documents have been withheld due to an objection.  GA-ASI's recent agreement to "produce additional documents" is unconvincing.  GA-ASI offers no explanation as to why all responsive documents have not been produced since the requests were made back in July.

### ii. *GA-ASI's Position*

As indicated to counsel for AAI, GA-ASI will produce additional documents in response to AAI's Requests for Production, Set One within two weeks and it has confirmed that it has not withheld documents as a result of an objection.

### c. **GA-ASI's Response to Request for Documents 2**

**REQUEST FOR PRODUCTION NO. 2:**

The contract under which GA connected the LEGACY GCS to the OSGCS to enable a pilot in the LEGACY GCS to monitor the audio system in the OSGCS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  GA-ASI will produce documents in its possession that are responsive to this Request.

### i. *AAI's Position Why Further Response Should be Compelled*

GA-ASI has failed to produce the responsive documents that it has agreed to produce as required by the Federal Rules.  Rule 34 (b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

request or another reasonable time specified in the response.")  GA-ASI should be compelled to produce responsive documents immediately and state whether any documents have been withheld due to an objection.

### ii.  *GA-ASI's Position*

As indicated to counsel for AAI, GA-ASI will produce additional documents in response to AAI's Requests for Production, Set One within two weeks and it has confirmed that it has not withheld documents as a result of an objection.

### d.  GA-ASI's Response to Request for Documents 3

**REQUEST FOR PRODUCTION NO. 3:**

The procedures for connecting the LEGACY GCS to the OSGCS to enable a pilot in the LEGACY GCS to monitor the audio system in the OSGCS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein. GA-ASI objects to this Request on the ground that it seeks documents not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Request on the ground that it calls for documents containing trade secrets, proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI GA-ASI further objects to this Request on the ground that it requires GA-ASI to investigate and discover documents from third parties or other sources that are equally available to AAI. GA-ASI further objects to this Request on the ground that it is vague and ambiguous as to the phrases "procedures for connecting the LEGACY GCS to the OSGCS" and "enable a pilot in the LEGACY GCS to monitor the audio system in

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

the OSGCS" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  After reasonable investigation, GA-ASI has not yet located any documents responsive to this Request.  The Legacy GCS was approved by the U.S. Government pursuant to government contracts.  Upon information and belief, the procedures used by pilots to monitor the audio system were approved by the U.S. Government.

### i.   AAI's Position Why Further Response Should be Compelled

In addition to its ten General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

Under Rule 34, when responding to requests for production, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  Rule 34 further requires that an "objection must state whether any responsive materials are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(2)(C).  Blanket and unsupported objections to document requests do not comply with Rule 34.  *Reddy v. Precyse Sols., LLC*, No. 1:12-CV-02061-AWI, 2015 WL 3797297, at *1 (E.D. Cal. June 18, 2015) (general objections to document requests do not comply with the requirements of the Federal Rules of Civil Procedure); see also *Advanced Visual Image Design, LLC v. Exist, Inc.*, No. EDCV 14-2525-JGB (KKx), 2015 U.S. Dist. LEXIS 109140, at *11 (C.D. Cal. Aug. 18, 2015) ("the conclusory, boilerplate and unsupported objections that the Request is 'overbroad, vague and ambiguous,' 'unduly burdensome,' and seeks attorney-client privileged information, make it difficult for [defendant] to determine whether production is complete").  GA-ASI

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

must remove unsupported boilerplate objections and state whether any documents are being withheld.

In response to a request for production under Rule 34, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A party may be required to produce a document that is in the possession of a nonparty entity if the party has the legal right to obtain the document. *Bryant*, 285 F.R.D. at 603. The term "control" is broadly construed, and it includes documents that the responding party has the legal right to obtain from third parties. *Id*.; 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.14[2][b], at 34-73 to 34-75 (footnotes omitted). A party responding to a document request "cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Bryant*, 285 F.R.D. at 607 (quoting *Meeks v. Parsons*, No. 1:03-CV-6700-LJO-GSA, 2009 WL 3003718, at *4 (E.D. Cal. Sept. 18, 2009)). GA-ASI's contractual relationship with the US Army may require GA-ASI to obtain documents from the Army that GA-ASI has the right to control.

"[W]hen a response to a production of documents is not a production or an objection, but an answer, the party must answer under oath." *Bryant*, 285 F.R.D. at 607; 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.13[2][a], at 34-57 (footnote omitted). If there are no responsive documents in the possession, custody, or control, after conducting an attempt to locate records, the party must state so under oath and describe efforts made to locate responsive documents. *Bryant*, 285 F.R.D. at 609. If the requested documents do not exist, a party must state so under oath. *Rogers v. Giurbino*, No. 11cv560 WQH (RBB), 2016 U.S. Dist. LEXIS 93178, at *11 (S.D. Cal. July 18, 2016).

GA-ASI must respond under oath the efforts it made to locate responsive documents and why it is unable to find them. GA-ASI must also seek responsive

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

30

1   documents from the US Army to the extent that GA-ASI has control over such

2   documents.   GA-ASI provides no evidence that it conducted a reasonable

3   investigation for responsive documents.

4         *ii.  GA-ASI's Position*

5         As stated in its response, after reasonable investigation, including a thorough

6   and complete search for records, multiple interviews with GA-ASI employees and

7   individuals likely to have knowledge regarding the subject matter of Request for

8   Production, No. 3, GA-ASI has not yet located any documents responsive to this

9   Request.  GA-ASI agrees to supplement this response to reflect that review.

10      e.  **GA-ASI's Response to Request for Documents 4**

11  **REQUEST FOR PRODUCTION NO. 4:**

12        The procedures used by pilots in the LEGACY GCS to monitor the audio

13  system in the OSGCS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

15        GA-ASI reasserts and incorporates by reference each of the General

16  Objections as if set forth fully herein. GA-ASI objects to this Request on the

17  ground that it seeks documents not in GA-ASI's possession, custody, or control.

18  GA-ASI also objects to this Request on the ground that it calls for documents

19  containing trade secrets, proprietary, or other confidential or competitively

20  sensitive research, development, or information that is protected by the Uniform

21  Trade Secrets Act, including any and all rights of privacy under the U.S.

22  Constitution or any other applicable law, or that is otherwise prohibited from

23  disclosure because to do so would cause GA-ASI to violate legal or contractual

24  obligations to any other persons or entities, including those to the U.S.

25  Government, and would result in substantial injury to GA-ASI GA-ASI further

26  objects to this Request on the ground that it requires GA-ASI to investigate and

27  discover documents from third parties or other sources that are equally available to

28  AAI.  GA-ASI further objects to this Request on the ground that it is vague and

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

31

ambiguous as to the phrases "procedures used by pilots in the LEGACY GCS" and "monitor the audio system in the OSGCS" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  After reasonable investigation, GA-ASI has not yet located any documents responsive to this Request.  The Legacy GCS was approved by the U.S. Government pursuant to government contracts.  Upon information and belief, the procedures used by pilots to monitor the audio system were approved by the U.S. Government.

### i.  AAI's Position Why Further Response Should be Compelled

In addition to its ten General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

For the reasons stated above, GA-ASI must respond under oath the efforts it made to locate responsive documents and why it is unable to find them.  GA-ASI must also seek responsive documents from the US Army to the extent that GA-ASI has control over such documents.  Plaintiff Daniel Springer was an employee of GA-ASI at the time of the incident and operating the Legacy GCS pursuant to procedures under the control of GA-ASI.  GA-ASI provides no evidence that it conducted a reasonable investigation for responsive documents.

### ii.  GA-ASI's Position

As stated in its response, GA-ASI has not located responsive documents after reasonable investigation.  In addition, GA-ASI has agreed to supplement its response to describe the investigation, which includes interviews and document searches.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

### f.  **GA-ASI's Response to Request for Documents 5**

**REQUEST FOR PRODUCTION NO. 5:**

All reports regarding the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. GA-ASI further objects to this Request on the ground that it is vague and ambiguous as to the terms "reports" and "regarding" and thus does not describe the documents sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  After reasonable investigation, GA-ASI has not yet located any documents responsive to this Request.

### i.  *AAI's Position Why Further Response Should be Compelled*

In addition to its ten General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

For the reasons stated above, GA-ASI must respond under oath the efforts it made to locate responsive documents and why it is unable to find them.  GA-ASI must also seek responsive documents from the US Army to the extent that GA-ASI has control over such documents.  GA-ASI has already informally provided the report of the incident prepared by Daniel Springer.  This is not consistent with GA-ASI's response that it cannot locate any responsive documents.  GA-ASI provides no evidence that it conducted a reasonable investigation for responsive documents.

### ii.  *GA-ASI's Position*

GA-ASI has located and produced a summary of the incident prepared by

33

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

Plaintiff.  After reasonable, investigation, GA-ASI has not located any additional reports related to the incident and its agrees to supplement its response to reflect production of the summary prepared by the Plaintiff.

**g.   GA-ASI's Response to Request for Documents 6**

**REQUEST FOR PRODUCTION NO. 6:**

The maintenance and operations records for the LEGACY GCS for three days before and after the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks documents not in GA-ASI's possession, custody, or control. GA-ASI further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.  GA-ASI objects to this Request on the ground that it calls for documents containing trade secrets, proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI. GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover documents from third parties or other sources that are equally available to AAI.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  After reasonable investigation, GA-ASI has not yet located any documents responsive to this Request.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

### i.  *AAI's Position Why Further Response Should be Compelled*

In addition to its ten General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

For the reasons stated above, GA-ASI must respond under oath the efforts it made to locate responsive documents and why it is unable to find them.  GA-ASI must also seek responsive documents from the US Army to the extent that GA-ASI has control over such documents.  GA-ASI provides no evidence that it conducted a reasonable investigation for responsive documents.

### ii.  *GA-ASI's Position*

As stated in its response, after reasonable investigation, including a thorough and complete search for records, multiple interviews with GA-ASI employees and individuals likely to have knowledge regarding the subject matter of Request for Production, No. 6, GA-ASI has not yet located any documents responsive to this Request.  GA-ASI agrees to supplement this response to reflect that review.

### h.  GA-ASI's Response to Request for Documents 7

**REQUEST FOR PRODUCTION NO. 7:**

The maintenance and operations records for the OSGCS for three days before and after the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks documents not in GA-ASI's possession, custody, or control.  GA-ASI further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.  GA-ASI objects to this Request on the ground that it calls for documents containing trade secrets, proprietary, or other

35

confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI. GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover documents from third parties or other sources that are equally available to AAI.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  After reasonable investigation, GA-ASI has not yet located any documents responsive to this Request.

### i. *AAI's Position Why Further Response Should be Compelled*

In addition to its ten General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

For the reasons stated above, GA-ASI must respond under oath the efforts it made to locate responsive documents and why it is unable to find them.  GA-ASI must also seek responsive documents from the US Army to the extent that GA-ASI has control over such documents.  GA-ASI provides no evidence that it conducted a reasonable investigation for responsive documents.

### ii. *GA-ASI's Position*

As stated in its response, after reasonable investigation, including a thorough and complete search for records, multiple interviews with GA-ASI employees and individuals likely to have knowledge regarding the subject matter of Request for Production, No. 7, GA-ASI has not yet located any documents responsive to this Request.  GA-ASI agrees to supplement this response to reflect that review.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S
RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

### i. **GA-ASI's Response to Request for Documents 8**

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to Daniel Springer's employment with GA including records regarding his training, deployments, performance, and termination, and communications with his co-workers and supervisors relating to his training, deployments, performance, and termination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein. GA-ASI objects to this Request on the ground that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. GA-ASI also objects to this Request on the ground that it calls for documents containing trade secrets, proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI. GA-ASI further objects to this Request on the ground that it is vague and ambiguous as to the terms "records," "relating," and "regarding" and thus does not describe the documents sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows: GA-ASI will produce documents responsive to this Request

### i. *AAI's Position Why Further Response Should be Compelled*

In addition to its ten General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity. These objections are improper for the reasons stated above and should be removed from GA-ASI's

37

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

1   response.  GA-ASI must state whether it is withholding documents based upon an

2   objection.

3      ***ii.  GA-ASI's Position***

4   GA-ASI has already produced documents responsive to this request and it is not

5   withholding documents based on an objection and it will supplement its response

6   to reflect that information.

7    **j.  <u>GA-ASI's Response to Request for Documents 9</u>**

8   **REQUEST FOR PRODUCTION NO. 9:**

9     All documents relating to GA's connection of the Legacy GCS to the

10   OSGCS including communications with the U.S. Army, contract performance,

11   maintenance, operations, and reports of incidents from operators.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

13     GA-ASI reasserts and incorporates by reference each of the General

14   Objections as if set forth fully herein.  GA-ASI objects to this Request on the

15   ground that it seeks documents not in GA-ASI's possession, custody, or control.

16   GA-ASI also objects to this Request on the ground that it calls for documents

17   containing trade secrets, proprietary, or other confidential or competitively

18   sensitive research, development, or information that is protected by the Uniform

19   Trade Secrets Act, including any and all rights of privacy under the U.S.

20   Constitution or any other applicable law, or that is otherwise prohibited from

21   disclosure because to do so would cause GA-ASI to violate legal or contractual

22   obligations to any other persons or entities, including those to the U.S.

23   Government, and would result in substantial injury to GA-ASI GA-ASI further

24   objects to this Request on the ground that it requires GA-ASI to investigate and

25   discover documents from third parties or other sources that are equally available to

26   AAI. GA-ASI further objects to this Request on the ground that it is vague and

27   ambiguous as to the phrase "relating to GA's connection of the Legacy GCS to the

28   OSGCS" and thus does not describe the information sought with reasonable

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S
RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  GA-ASI will produce documents in its possession responsive to this Request.

### i.  *AAI's Position Why Further Response Should be Compelled*

In addition to its ten General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI has failed to produce the responsive documents that it has agreed to produce pursuant to the Federal Rules.  Rule 34 (b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.")  GA-ASI should be compelled to produce responsive documents immediately.

### ii.  *GA-ASI's Position*

As indicated to counsel for AAI, GA-ASI will produce additional documents in response to AAI's Requests for Production, Set One to the extent they exist and are in its possession, custody, or control.  At present, GA-ASI has not located any responsive documents.  Again, the Legacy GCS and the OSGCS are no longer in GA-ASI's possession and GA-ASI does it not have access to them or much of the information relating to them but it has conducted interviews and a document search.  GA-ASI agrees to supplement this response to reflect that review.

## V.    CONTESTED ADMISSIONS

All of GA-ASI's responses to AAI's requests for admission improperly incorporate boilerplate objections.  GA-ASI's responses to requests 2 to 9 and 11 to 13 further fail to comply with Rule 36 because (1) they do not respond to the substance of the matter; (2) they do not admit, deny, or state in detail the reasons why GA-ASI cannot admit or deny the matter; (3) they seek to evade disclosure by

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

quibbling and objection; and (4) they are evasive.

### a. **GA-ASI's "General Objections"**

The following General Objections apply to each and every separately-numbered Request for Admission and are incorporated by reference into each and every specific response herein as if set forth in full.

1.    GA-ASI objects to each Request for Admission to the extent it fails to comport with the limitations of the Federal Rules of Civil Procedure, including calling for information that is not relevant to Plaintiff Daniel J. Springer's ("Plaintiff") claims as alleged in the Complaint and are not proportional to the needs of the case.

2.    GA-ASI objects to each Request for Admission to the extent it is vague and ambiguous.

3.    GA-ASI objects to each Request for Admission to the extent it seeks information not relevant to the subject matter of the instant litigation, not calculated to lead to the discovery of admissible evidence, and is unduly burdensome and oppressive.

4.    GA-ASI objects to each Request for Admission to the extent it seeks information not in GA-ASI's possession, custody, or control.

5.    GA-ASI objects to each Request for Admission to the extent it seeks to require GA-ASI to respond on behalf of any entity other than GA-ASI.

6.    GA-ASI objects to each Request for Admission to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Any inadvertent disclosure of privileged, protected, or immunized information shall not be deemed a waiver of such privilege, protection, or immunity.

7.    GA-ASI objects to each Request for Admission to the extent it calls for trade secrets, proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

Secrets Act enacted as California Civil Code § 3426, *et seq.*, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI.

8. GA-ASI objects to each Request for Admission to the extent it seeks to impose on GA-ASI an obligation to investigate or discover information or materials from third parties or other sources that are equally available to AAI.

9. GA-ASI objects to each Request for Admission to the extent it calls for or otherwise seeks information that is the subject of expert witness testimony.

10. GA-ASI objects to the definition of "YOU," "YOUR," and "GA" as overly broad and invading the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

11. GA-ASI objects to the definition of "DOCUMENT" is overly broad and unduly burdensome, and beyond the scope of permissible discovery to the extent it includes information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

12. No incidental or implied admissions are intended by GA-ASI's responses to the Requests for Admission. GA-ASI's responses to the Requests for Admission do not waive or prejudice any objections GA-ASI may assert now or in the future.

### i. *AAI's Position Why Such Objections Are Improper*

GA-ASI's General Objections are improper for the reasons stated above and should be removed from GA-ASI's response. These objections are unsupported and mask whether GA-ASI fully responded to discovery.

### ii. *GA-ASI's Position*

AAI takes issue with GA-ASI's use of objections in its responses to AAI's Requests for Admission, Set One.  However, AAI's concerns with respect to GA-

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

1   ASI's use of objections re unwarranted for several reasons.

2   First, GA-ASI is not aware of withholding any relevant and responsive information

3   in response to AAI's Requests for Admissions, Set One based on its asserted

4   objections.  In other words, any information uncovered by GA-ASI through its

5   diligent search, which included interviewing multiple witnesses and individuals

6   who would have knowledge of responsive and relevant information, was included

7   in GA-ASI's responses.  Second, GA-ASI is also unaware of withholding any

8   information on the basis of privilege with respect to the timeframe prior to the

9   filing of Plaintiff's lawsuit.  As indicated in GA-ASI's responses, discovery is

10  ongoing, and GA-ASI explicitly reserved its right to change and/or supplement its

11  responses.  Therefore, AAI's purported concerns that GA-ASI did not provide full

12  and complete responses because GA-ASI also asserted objections are unfounded.

13  Finally, GA-ASI has agreed to supplement its responses to AAI's Requests for

14  Admission, Set One.

15      **b.  <u>GA-ASI's Response to Request for Admission 1</u>**

16  **REQUEST FOR ADMISSION NO. 1:**

17      Admit that Daniel Springer was located in the LEGACY GCS at the time of

18  the INCIDENT.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

20      GA-ASI reasserts and incorporates by reference each of the General

21  Objections as if set forth fully herein.  GA-ASI objects to this Request on the

22  ground that it seeks information not in GA-ASI's possession, custody, or control.

23  GA-ASI also objects to this Request on the ground that it requires GA-ASI to

24  respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this

25  Request on the ground that it imposes on GA-ASI an obligation to investigate or

26  discover information from third parties or other sources that are equally available

27  to AAI.  GA-ASI also objects to this Request on the ground that it is vague and

28  ambiguous as to the phrase "located in" and thus does not describe the information

sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  Admitted.

### i.  AAI's Position Why Further Response Should be Compelled

GA-ASI's General Objections and additional objections are improper for the reasons stated above and should be removed from GA-ASI's response.  GA-ASI's response is evasive because it is unclear how GA-ASI's objections qualify its response because the response is "subject to and without waiving the foregoing objections."  No supplemental responses have yet been received.

### ii.  GA-ASI's Position

In its response, GA-ASI fully admitted this request but, out of an abundance of caution, it has also agreed to withdraw certain objections and to acknowledge that the response stands without objection.

### c.  GA-ASI's Response to Request for Admission 2

**REQUEST FOR ADMISSION NO. 2:**

Admit that GA was responsible for the design and manufacture of the LEGACY GCS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks information not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Request on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover information from third parties or other sources that are equally available to AAI. GA-ASI objects to this Request on the ground that it calls for information that is the subject of expert testimony.  GA-ASI also objects to this Request on the ground that it is vague and ambiguous as to the phrase "responsible for the design

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

43

and manufacture of the LEGACY GCS" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  Denied.  The Legacy GCS was approved by the U.S. Government pursuant to government contracts.

### i.   AAI's Position Why Further Response Should be Compelled

In addition to its General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's response does not answer the question presented.  GA-ASI's response states the Legacy GCS was approved by the U.S. Government, but states nothing regarding the unit's design and manufacture as addressed in the request for admission.  This response is evasive and does not respond to the substance of the matter.

Rule 36 allows for a party to serve on another party a written request to admit the truth of matters relating to facts, the application of law to fact or opinions about either.  Fed. R. Civ. P. 36(a)(1)(A), (B).  "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."  *Asea, Inc. v. S. Pac. Transp. Co*., 669 F.2d 1242, 1245 (9th Cir. 1981) (citations omitted).

The answering party must admit the matter, or "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest."  *Id*.  If a party is unable to admit or deny the matter, the party must in their response, set

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S
RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

forth in detail the reasons why they cannot truthfully admit or deny the matter. *Asea*, 669 F.2d at 1245.

An answering party must "make reasonable inquiry and secure such knowledge and information as are readily obtainable by him." *Asea*, 669 F.2d at 1246. "An evasive denial, one that does not 'specifically deny the matter,' or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS(MDD), 2017 U.S. Dist. LEXIS 97727, at *7 (S.D. Cal. June 23, 2017) (quoting *Asea*, 669 F.2d at 1245) (emphasis included). An evasive or non-responsive response may be deemed an admission at the discretion of the court. *Id*. "There is no preference in the rule itself as to which remedial measure should be employed first when a party does not comply with Rule 36(a)." *Id*. When a party fails to answer the question posed, the court may deem the request admitted. *Id*.

Parties should not "seek to evade disclosure by quibbling and objection." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994). Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." *Id*. Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play. *Id*. at 936.

It is not ground for objection that the request is 'ambiguous' unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply." *Eclipse Group LLP v. Target Corp.*, 2016 U.S. Dist. LEXIS 125826, at *24 (S.D. Cal., Sept. 15, 2016). "A party may not avoid responding based on technicalities. For example, a party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation." *San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co.*, No. 15cv1401-BEN-

45

MDD, 2017 U.S. Dist. LEXIS 143389, at *4 (S.D. Cal. Sep. 5, 2017).  "Admitting part of a request without explanation contravenes Rule 36(a)(4)."  *Id*. at *5-6.  If an answer does not comply with this rule, the court "may order either that the matter is admitted or that an amended answer be served."  Fed. R. Civ. P. 36(a)(6).

GA-ASI's response is evasive, does not respond to the substance of the request regarding the design and manufacture of the Legacy GCS, and fails to explain why it cannot respond to the request as worded.  No supplemental responses have yet been received.

### ii. *GA-ASI's Position*

GA-ASI has not relied on objections and instead provided a complete denial.  GA-ASI chose to provide additional information related to the responsibility regarding the design and manufacture of the Legacy GCS.  This is information called for in response to GA-ASI's Special Interrogatory No. 11.  Nevertheless, out of an abundance of caution, GA-ASI has also agreed to withdraw certain objections and to acknowledge that the response stands without objection.

### d.  <u>GA-ASI's Response to Request for Admissions 3</u>

**REQUEST FOR ADMISSION NO. 3:**

Admit that AAI Corp. had no responsibility for the design and manufacture of the LEGACY GCS, including its audio system.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks information not in GA-ASI's possession, custody, or control.  GA-ASI also objects to this Request on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover information from third parties or other sources that are equally available to AAI.  GA-ASI objects to this Request on the ground that it calls for information

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

that is the subject of expert testimony.  GA-ASI also objects to this Request on the ground that it is vague and ambiguous as to the phrase "no responsibility for the design and manufacture of the LEGACY GCS, including its audio system" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  After reasonable investigation, GA-ASI has not yet located any information responsive to this Request, and it cannot admit or deny it.  It is therefore deemed denied.

### i.   *AAI's Position Why Further Response Should be Compelled*

In addition to its General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

"[A] party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him."  *Asea*, 669 F.2d at 1246.

Here, GA-ASI must respond to the substance of the matter, make a reasonable inquiry, and set forth in detail the reasons why it cannot truthfully admit or deny the matter.  GA-ASI claims it has not yet located any responsive information regarding the design and manufacture of the Legacy GCS, yet admits it sold the Legacy GCS to the U.S. Army under a government contract.  It is not plausible that GA-ASI cannot now locate sufficient documents to determine who is responsible for the design and manufacture of the GCS that it sold the U.S. Army.

A party responding to an RFA must not only state that he has conducted a reasonable inquiry, but that party must in fact conduct a good faith reasonable inquiry.  *Gracenote, Inc. v. Musicmatch, Inc*., 2003 U.S. Dist. LEXIS 26015, *10 (N.D. Cal. Oct. 14, 2003) citing Asea, 669 F.2d at 1246-47.  GA-ASI provides no evidence that it conducted a reasonable investigation.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

### ii. GA-ASI's Position

In its response, after reasonable investigation, including a thorough and complete search for records, multiple interviews with GA-ASI employees and individuals likely to have knowledge regarding the subject matter of Request for Admission, No. 3, GA-ASI stated that it has not yet located any information responsive to this Request and therefore it responded that it could not confirm or deny the allegations. GA-ASI agrees to supplement this response to reflect that review.

### e. **GA-ASI's Response to Request for Admissions 4**

**REQUEST FOR ADMISSION NO. 4:**

Admit that the LEGACY GCS was connected to the OSGCS at the time of the INCIDENT, among other reasons, to enable a pilot in the LEGACY GCS to monitor the audio system in the OSGCS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein. GA-ASI objects to this Request on the ground that it seeks information not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Request on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI. GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover information from third parties or other sources that are equally available to AAI. GA-ASI objects to this Request on the ground that it calls for information that is the subject of expert testimony. GA-ASI further objects to this Request on the ground that it calls for trade secrets, proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI. GA-ASI further objects to this Request on the ground that it is vague and ambiguous as to the phrase "to enable a pilot in the LEGACY GCS to monitor the audio system in the OSGCS" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows: Admitted that it was typical for a Legacy GCS to be connected to an OSGCS to allow a pilot to in a Legacy GCS to monitor the audio system in an OSGCS. After reasonable investigation, GA-ASI has not yet located any information responsive to the remaining allegations in this Request and it cannot admit or deny them. They are therefore deemed denied.

### i. AAI's Position Why Further Response Should be Compelled

In addition to its General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity. These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's response is evasive and does not respond to the substance of the matter. GA-ASI states that it was typical for the two GCS units to be connected but makes no response regarding the connection of the GCS units at issue. GA-ASI must respond to the substance of the matter, make a reasonable inquiry, and set forth in detail the reasons why it cannot truthfully admit or deny the matter. GA-ASI provides no evidence that it conducted a reasonable investigation.

### ii. GA-ASI's Position

In its response, GA-ASI admitted the portion of the request for which it was able to locate responsive information. After reasonable investigation, including a thorough and complete search for records, multiple interviews with GA-ASI employees and individuals likely to have knowledge regarding the subject matter

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

of Request for Admission, No. 4, GA-ASI has not yet located any information responsive to this Request other than what was provided and therefore it responded that it could not confirm or deny the allegations beyond what was already admitted GA-ASI agrees to supplement this response to reflect that review.

**f.   GA-ASI's Response to Request for Admissions 5**

**REQUEST FOR ADMISSION NO. 5:**

Admit that GA was responsible for the design and implementation of the connection between the LEGACY GCS and the OSGCS that enabled a pilot in the LEGACY GCS, among other things, to monitor the audio system in the OSGCS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks information not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Request on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover information from third parties or other sources that are equally available to AAI. GA-ASI also objects to this Request on the ground that it calls for information that is the subject of expert testimony.  GA-ASI further objects to this Request on the ground that it is vague and ambiguous as to the terms and phrases "design," implementation," "connection between the LEGACY GCS and the OSGCS," "enabled a pilot," and "monitor the audio system" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  Denied.  The Legacy GCS was approved by the U.S. Government pursuant to government contracts.

***i.   AAI's Position Why Further Response Should be Compelled***

In addition to its General Objections, GA-ASI adds four additional

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's response is evasive and does not respond to the substance of the matter.  GA-ASI states that the Legacy GCS was approved by the U.S. Government but states nothing about the design and implementation of the connection between the GCS units as requested.  GA-ASI must respond to the substance of the matter, make a reasonable inquiry, and set forth in detail the reasons why they cannot truthfully admit or deny the matter.

### ii.  GA-ASI's Position

GA-ASI has not relied on objections and instead provided a complete denial. GA-ASI chose to provide additional information related to the responsibility regarding the design and manufacture of the Legacy GCS.  This is information called for in response to GA-ASI's Special Interrogatory No. 11.   Nevertheless, out of an abundance of caution, GA-ASI has also agreed to withdraw certain objections and to acknowledge that the response stands without objection.

### g.  GA-ASI's Response to Request for Admissions 6

**REQUEST FOR ADMISSION NO. 6:**

Admit that AAI Corp. had no responsibility for the design, maintenance, and implementation of the connection between the LEGACY GCS and the OSGCS that, among other things, enabled a pilot in the LEGACY GCS to monitor the audio system in the OSGCS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks information not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Request on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

Request on the ground that it imposes on GA-ASI an obligation to investigate or discover information from third parties or other sources that are equally available to AAI. GA-ASI also objects to this Request on the ground that it calls for information that is the subject of expert testimony. GA-ASI further objects to this Request on the ground that it is vague and ambiguous as to the phrases "design, maintenance, and implementation," "connection between the LEGACY GCS and the OSGCS," "enabled a pilot," and "monitor the audio system" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows: After reasonable investigation, GA-ASI has not yet located any information responsive to this Request, and it cannot admit or deny it. It is therefore deemed denied.

### i. AAI's Position Why Further Response Should be Compelled

In addition to its General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity. These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI must respond to the substance of the matter, make a reasonable inquiry, and set forth in detail the reasons why they cannot truthfully admit or deny the matter.

### ii. GA-ASI's Position

After reasonable investigation, including a thorough and complete search for records, multiple interviews with GA-ASI employees and individuals likely to have knowledge regarding the subject matter of Request for Admission, No. 6, GA-ASI stated in its response that it has not yet located any information responsive to this Request. GA-ASI agrees to supplement this response to reflect that review.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

### h. **GA-ASI's Response to Request for Admissions 7**

**REQUEST FOR ADMISSION NO. 7:**

Admit that GA developed the procedures used by pilots in the LEGACY GCS to monitor the audio system in the OSGCS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks information not in GA-ASI's possession, custody, or control.  GA-ASI also objects to this Request on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover information from third parties or other sources that are equally available to AAI.  GA-ASI also objects to this Request on the ground that it calls for information that is the subject of expert testimony.  GA-ASI further objects to this Request on the ground that it is vague and ambiguous as to the phrase "procedures used by pilots" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows: Denied.  The Legacy GCS was approved by the U.S. Government pursuant to government contracts.  Upon information and belief, the procedures used by pilots to monitor the audio system were approved by the U.S. Government.

### i. *AAI's Position Why Further Response Should be Compelled*

In addition to its General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's response is evasive and does not respond to the substance of the matter.  GA-ASI states that the Legacy GCS and the procedures for monitoring the

53

audio system were approved by the U.S. Government but states nothing regarding who developed the procedures as requested.  GA-ASI must respond to the substance of the matter, make a reasonable inquiry, and set forth in detail the reasons why they cannot truthfully admit or deny the matter.

### ii.  GA-ASI's Position

GA-ASI has not relied on objections and instead provided a complete denial. GA-ASI chose to provide additional information related to the responsibility regarding the design and manufacture of the Legacy GCS.  This is information called for in response to GA-ASI's Special Interrogatory No. __.  Nevertheless, out of an abundance of caution, it has also agreed to withdraw certain objections and to acknowledge that the response stands without objection.

### i.  **GA-ASI's Response to Request for Admissions 8**

**REQUEST FOR ADMISSION NO. 8:**

Admit that AAI Corp. had no responsibility for the procedures used by pilots in the LEGACY GCS to monitor the audio system in the OSGCS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks information not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Request on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover information from third parties or other sources that are equally available to AAI.  GA-ASI also objects to this Request on the ground that it calls for information that is the subject of expert testimony.  GA-ASI further objects to this Request on the ground that it is vague and ambiguous as to the phrase "procedures used by pilots" and thus does not describe the information sought with reasonable particularity.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  After reasonable investigation, GA-ASI has not yet located any information responsive to this Request and it cannot admit or deny it and it is therefore deemed denied.  See also Response to Request No. 7.

### i.  *AAI's Position Why Further Response Should be Compelled*

In addition to its General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI must respond to the substance of the matter, make a reasonable inquiry, and set forth in detail the reasons why they cannot truthfully admit or deny the matter.

### ii.  *GA-ASI's Position*

After reasonable investigation, including a thorough and complete search for records, multiple interviews with GA-ASI employees and individuals likely to have knowledge regarding the subject matter of Request for Admission, No. 8, GA-ASI stated in its response that has not yet located any information responsive to this Request.  GA-ASI agrees to supplement this response to reflect that review.

### j.  **GA-ASI's Response to Request for Admissions 9**

**REQUEST FOR ADMISSION NO. 9:**

Admit that GA, under a contract with the US Army, connected the LEGACY GCS to the OSGCS, among other reasons, to enable a pilot in the LEGACY GCS to monitor the audio system in the OSGCS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks information not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Request on the ground that it requires GA-ASI to

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE:415-364-6700
FACSIMILE:415-364-67855

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover information from third parties or other sources that are equally available to AAI.  GA-ASI further objects to this Request on the ground that it is vague and ambiguous as to the terms and phrase "monitor the audio system" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  Admitted that GA-ASI had a contract with the U.S. Army.  After reasonable investigation, GA-ASI has not yet located any information responsive to the remaining allegations in this request and it cannot admit or deny them.  They are therefore deemed denied.

### i.   *AAI's Position Why Further Response Should be Compelled*

In addition to its General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's response is evasive and does not respond to the substance of the matter.  GA-ASI states that it has a contract with the U.S. Army but says noting about a contract to connect the GCS units together as requested.  GA-ASI must respond to the substance of the matter, make a reasonable inquiry, and set forth in detail the reasons why they cannot truthfully admit or deny the matter.

### ii.  *GA-ASI's Position*

After reasonable investigation, including a thorough and complete search for records, multiple interviews with GA-ASI employees and individuals likely to have knowledge regarding the subject matter of Request for Admission, No. 9, GA-ASI stated in its response that it has not yet located any information responsive to this Request in addition to what was provided.  GA-ASI agrees to supplement this response to reflect that review.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

### k.  **GA-ASI's Response to Request for Admissions 10**

**REQUEST FOR ADMISSION NO. 10:**

Admit that GA sold the LEGACY GCS to the U.S. Army.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks information not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Request on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover information from third parties or other sources that are equally available to AAI.  Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  Admitted.

### i.  *AAI's Position Why Further Response Should be Compelled*

In addition to its General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.  GA-ASI's response is made "subject to" these boilerplate objections, masking how these objections qualify its response.

### ii. *GA-ASI's Position*

GA-ASI has already fully admitted this request but, out of an abundance of caution, it has also agreed to withdraw certain objections and to acknowledge that the response stands without objection.

### l.  **GA-ASI's Response to Request for Admissions 11**

**REQUEST FOR ADMISSION NO. 11:**

Admit that AAI Corp. designed and manufactured the OSGCS as a subcontractor to GA.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S
RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks information not in GA-ASI's possession, custody, or control.  GA-ASI also objects to this Request on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover information from third parties or other sources that are equally available to AAI.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  Admitted that there was a contract between AAI and GA-ASI and that the contract speaks for itself.  After reasonable investigation, GA-ASI has not yet located any information responsive to the remaining allegations in this request and it cannot admit or deny them.  They are therefore deemed denied.  See also Response to Request No. 7.

### i. *AAI's Position Why Further Response Should be Compelled*

In addition to its General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

GA-ASI's response is evasive and does not respond to the substance of the matter.  GA-ASI states there is a contract between GA-ASI and AAI but says nothing about the design and manufacture of the OSGCS as requested.  GA-ASI must respond to the substance of the matter, make a reasonable inquiry, and set forth in detail the reasons why they cannot truthfully admit or deny the matter.

### ii. *GA-ASI's Position*

After reasonable investigation, including a thorough and complete search for records, multiple interviews with GA-ASI employees and individuals likely to

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

58

have knowledge regarding the subject matter of Request for Admission, No. 11, GA-ASI stated in its response that it has not yet located any information responsive to this Request in addition to what was provided.  GA-ASI agrees to supplement this response to reflect that review.

**m. GA-ASI's Response to Request for Admissions 12**

**REQUEST FOR ADMISSION NO. 12:**

Admit that AAI Corp. did not design or manufacture the OSGCS to include a connection between the LEGACY GCS and the OSGCS to enable a pilot in the LEGACY GCS, among other things, to monitor the audio system in the OSGCS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

GA-ASI reasserts and incorporates by reference each of the General Objections as if set forth fully herein.  GA-ASI objects to this Request on the ground that it seeks information not in GA-ASI's possession, custody, or control. GA-ASI also objects to this Request on the ground that it requires GA-ASI to respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this Request on the ground that it imposes on GA-ASI an obligation to investigate or discover information from third parties or other sources that are equally available to AAI.  GA-ASI further objects to this Request on the ground that it is vague and ambiguous as to the terms and terms and phrases "design," "manufacture," "enable a pilot," and "monitor the audio system" and thus does not describe the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows:  After reasonable investigation, GA-ASI has not yet located any information responsive to this request and it cannot admit or deny it and it is therefore deemed denied.  See also Response to Request No. 7.

***i. AAI's Position Why Further Response Should be Compelled***

In addition to its General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

1  are improper for the reasons stated above and should be removed from GA-ASI's

2  response.

3      GA-ASI must respond to the substance of the matter, make a reasonable

4  inquiry, and set forth in detail the reasons why they cannot truthfully admit or deny

5  the matter.

6        ***ii.  GA-ASI's Position***

7      After reasonable investigation, including a thorough and complete search for

8  records, multiple interviews with GA-ASI employees and individuals likely to

9  have knowledge regarding the subject matter of Request for Admission, No. 12,

10  GA-ASI stated in its response that it has not yet located any information responsive

11  to this Request in addition to what was provided.  GA-ASI agrees to supplement

12  this response to reflect that review.

13     **n.  GA-ASI's Response to Request for Admissions 13**

14  **REQUEST FOR ADMISSION NO. 13:**

15      Admit that on the day of the INCIDENT, there was no report from any

16  individual working in the OSGCS of a problem with the OSGCS audio system.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

18      GA-ASI reasserts and incorporates by reference each of the General

19  Objections as if set forth fully herein.  GA-ASI objects to this Request on the

20  ground that it seeks information not in GA-ASI's possession, custody, or control.

21  GA-ASI also objects to this Request on the ground that it requires GA-ASI to

22  respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this

23  Request on the ground that it imposes on GA-ASI an obligation to investigate or

24  discover information from third parties or other sources that are equally available

25  to AAI.

26      Subject to and without waiving the foregoing objections, GA-ASI responds

27  as follows:  After reasonable investigation, GA-ASI has not yet located any

28  information responsive to this request and it cannot admit or deny it and it is

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S
RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

1   therefore deemed denied.  See also Response to Request No. 7.

2      *i.  **AAI's Position Why Further Response Should be Compelled***

3      In addition to its ten General Objections, GA-ASI adds four additional

4   boilerplate objections, each lacking factual support or specificity.  These objections

5   are improper for the reasons stated above and should be removed from GA-ASI's

6   response.

7      GA-ASI must respond to the substance of the matter, make a reasonable

8   inquiry, and set forth in detail the reasons why they cannot truthfully admit or deny

9   the matter.

10     *ii.  **GA-ASI's Position***

11     After reasonable investigation, including a thorough and complete search for

12  records, multiple interviews with GA-ASI employees and individuals likely to

13  have knowledge regarding the subject matter of Request for Admission, No. 9,

14  GA-ASI stated in its response that it has not yet located any information responsive

15  to this Request in addition to what was provided.  GA-ASI agrees to supplement

16  this response to reflect that review.

17    **o.  <u>GA-ASI's Response to Request for Admissions 14</u>**

18  **REQUEST FOR ADMISSION NO. 14:**

19     Admit that GA sold the OSGCS to the U.S. Army.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

21     GA-ASI reasserts and incorporates by reference each of the General

22  Objections as if set forth fully herein.  GA-ASI objects to this Request on the

23  ground that it seeks information not in GA-ASI's possession, custody, or control.

24  GA-ASI also objects to this Request on the ground that it requires GA-ASI to

25  respond on behalf of an entity other than GA-ASI.  GA-ASI further objects to this

26  Request on the ground that it imposes on GA-ASI an obligation to investigate or

27  discover information from third parties or other sources that are equally available

28  to AAI. GA-ASI also objects to this Request on the ground that it calls for trade

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S
RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

secrets, proprietary, or other confidential or competitively sensitive research, development, or information that is protected by the Uniform Trade Secrets Act, including any and all rights of privacy under the U.S. Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause GA-ASI to violate legal or contractual obligations to any other persons or entities, including those to the U.S. Government, and would result in substantial injury to GA-ASI.

Subject to and without waiving the foregoing objections, GA-ASI responds as follows: Admitted.

### i.   AAI's Position Why Further Response Should be Compelled

In addition to its General Objections, GA-ASI adds four additional boilerplate objections, each lacking factual support or specificity.  These objections are improper for the reasons stated above and should be removed from GA-ASI's response.

### ii.  GA-ASI's Position

GA-ASI already fully admitted this request but, out of an abundance of caution, it has also agreed to withdraw certain objections and to acknowledge that the response stands without objection.

## VI.   SANCTIONS

### a.   AAI's Position Why Sanctions Are Warranted

Sanctions are warranted against GA-ASI and its attorneys of record for AAI's fees and expenses in bringing this motion pursuant to Rule 26(g)(3) and Rule 37(a)(5)(A).  *Advanced Visual Image Design, LLC v. Exist Inc.*, 2015 U.S. Dist. LEXIS 109140 *23 (C.D. Cal., August 18, 2015) (sanctions are warranted for failure to provide complete, explicit responses without boilerplate, conclusory objections); *see also Weldon v. Dyer*, 2015 U.S. Dist. LEXIS 27924 *16-17 (E.D. Cal. March 6, 2015).  The court may award expenses against the losing party and the losing party's attorney for a discovery motion.  Rule 37(a)(5).  In order to avoid

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

1  sanctions, the burden is on the losing party affirmatively to demonstrate that its

2  position was substantially justified.  Adv. Comm. Notes to 1970 Amendment to

3  former Rule 37(a)(4).  GA-ASI cannot do so here.  GA-ASI has blatantly failed to

4  comply with its discovery obligations without justification.

5      This Court should also impose sanctions against GA-ASI and its attorneys of

6  record for use of unsupported boilerplate objections which have delayed and

7  frustrated discovery in this matter.  The law on boilerplate objections is well

8  settled.  Discovery responses containing boilerplate objections fail to satisfy the

9  requirements under Rule 26(g) that an attorney reflect on the legitimacy of any

10  objections they make.  Rule 26(g)(3) specifically gives courts the power to

11  sanction lawyers whose discovery objections do not comport with Rule 26(g)(1).

12  In addition, Rule 37(d) authorizes broad sanctions for attorney misconduct in

13  discovery.

14      AAI requests that this Court award sanctions in the amount to be proven by

15  declaration for AAI's fees and costs in bringing this motion.  Although this

16  discovery has been outstanding since July, AAI still does not have responses that

17  comply with the Federal Rules of Civil Procedures despite repeated promises

18  supplemental responses would be provided.

19      **b.  GA-ASI's Position**

20      As stated throughout, GA-ASI provided all of the information it located,

21  after reasonable investigation, in response to AAI's discovery requests.  GA-ASI

22  did not refuse to answer a single request, did not withhold any information or

23  documents as a result of privilege or objection, and upon reviewing AAI's

24  counsel's concerns about the objections and responses, agreed to supplement its

25  responses to respond to those concerns.  Moreover, although GA-ASI has elected

26  to withdraw certain objections, a careful review of AAI's requests demonstrates

27  that there were numerous overbroad, compound, and vague requests.  Again, GA-

28  ASI did not stand by objections and instead responded to the call of each request.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S
RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

1  GA-ASI asserts that had counsel for AAI contacted counsel for GA-ASI

2  informally, much of the confusion would have been avoided.  As stated during the

3  parties' teleconference, this was not a situation in which a responding party was

4  refusing to provide information or hiding behind objections and/or privilege.  As

5  such, given GA-ASI's willingness to cooperate in good faith, it would request that

6  the award for sanctions be denied.

7

8  Dated:  October 19, 2017                SCHNADER HARRISON SEGAL &
                                           LEWIS LLP
9

10

11                                          By _s/William D. Janicki_____
                                               William D. Janicki
12                                             J. Denny Shupe
                                               Lilian Loh
13                                             Attorneys for Defendant
                                               AAI CORPORATION
14                                             wjanicki@schnader.com
                                               dshupe@schnader.com
15                                             lloh@schnader.com

16  Dated:  October 19, 2017                MORGAN, LEWIS & BOCKIUS LLP

17

18                                          By _s/ Joseph Duffy_____
                                               Joseph Duffy
19                                             Stephanie Chen
                                               Attorneys for Defendant
20                                             GENERAL ATOMICS
                                               AERONAUTICAL SYSTEMS INC.
21                                             joseph.duffy@morganlewis.com
                                               stephanie.chen@morganlewis.com
22

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S
RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

**Certification of Concurrence of Co-Signatories**

  Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all counsel, and that I have obtained their authorizations to affix their electronic signatures to this document.

Executed on October 19, 2017      By:  <u>s/ William D. Janicki</u>
                   William D. Janicki

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**