William D. Janicki (SBN 215960)
wjanicki@schnader.com
Lilian M. Loh (SBN 296196)
lloh@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
650 California Street, 19th Floor
San Francisco, CA 94108
Telephone: 415-364-6700
Facsimile: 415-364-6785

J. Denny Shupe (admitted *pro hac vice*)
dshupe@schnader.com
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215-751-2300
Facsimile:  215-972-7413

Attorneys for Defendant AAI CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. SPRINGER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ATOMICS AERONAUTICAL SYSTEMS INC., a Delaware corporation, AAI CORPORATION, a Maryland corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  16-cv-2331-BTM-KSC<br><br>**DECLARATION OF WILLIAM D. JANICKI IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**<br><br>Date:       TBD<br>Judge:     Magistrate Karen S. Crawford<br>Place:      U.S. District Court<br>               333 W. Broadway, Suite<br>               San Diego, CA 92101 |

/// 
/// 
/// 
/// 
///

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

**JANICKI DECL. ISO JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY**

I, William D. Janicki, hereby declare as follows:

1.     I make this declaration and state the matters herein of my own personal knowledge and could competently testify to the matters stated herein.

2.     I am a Partner in the law firm of Schnader Harrison Segal & Lewis LLP, counsel of record for AAI Corporation ("AAI").  The parties conducted the following meet and confer efforts regarding this discovery dispute.

3.     Attached as **Exhibit 1** is a true and correct copy of my September 19, 2017 letter to counsel for General Atomics Aeronautical Systems Inc. ("GA-ASI") regarding its deficient discovery responses to AAI's First Set of Discovery and requesting availability for a meet and confer telephone conference.

4.     Attached as **Exhibit 2** is a true and correct copy of my September 22, 2017 email to counsel for GA-ASI requesting a date for a meet and confer telephone conference.

5.     The parties agreed to conduct a meet and confer telephone conference on September 28, 2017.  The day before the scheduled telephone conference, counsel for AAI sent a draft Joint Motion for Determination of Discovery Dispute to counsel for GA-ASI.

6.     Attached as **Exhibit 3** is a true and correct copy of my September 27, 2017 email to counsel for GA-ASI attaching a draft Joint Motion for Determination of Discovery Dispute in advance of the agreed telephone conference and requesting input by October 11, 2017.

7.     The parties conducted a meet and confer telephone conference on September 28, 2017 where the issues raised in AAI's draft motion were discussed, and GA-ASI agreed to provide supplemental discovery responses.

8.     Attached as **Exhibit 4** is a true and correct copy of my September 29, 2017 email to counsel for GA-ASI confirming that GA-ASI agreed to provide supplemental discovery responses and again requesting input to the draft joint motion by October 11, 2017 for all issues not fully responded to by GA-ASI.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

JANICKI DECL. ISO OF JOINT MOTION FOR DETERMINATION OF DISCOVERY
DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY

9.     Attached as **Exhibit 5** is a true and correct copy of my October 9, 2017 email to counsel for GA-ASI again attaching AAI's draft joint motion. Counsel for AAI requested input by October 11, 2017, and asked whether GA-ASI needed an additional day or two to respond.  GA-ASI responded the same day that it was working on supplemental responses and a couple of more days would help.

10.     Attached as **Exhibit 6** is a true and correct copy of GA-ASI's October 11, 2017 email to counsel for AAI stating that GA-ASI's input to the joint motion would be provided by October 13 and supplemental discovery responses would be sent shortly.

11.     Attached as **Exhibit 7** is a true and correct copy of GA-ASI's October 13, 2017 email agreeing to provide supplemental discovery responses to AAI.  To date no supplemental discovery responses have been received.

12.     I am located in the Northern District of California.

13.     To the best of my knowledge, counsel for GA-ASI, Joseph Duffy, is located in Central District of California.

14.     We met and conferred via telephone on September 28, 2017 to discuss GA-ASI's responses to AAI's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions ("First Set of Discovery").

15.     GA-ASI provided input for this motion on October 17, 2017.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 19th day of October 2017, at San Francisco, CA.

By: _s/ William D. Janicki_____
William D. Janicki

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-67855

JANICKI DECL. ISO OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GA-ASI'S RESPONSES TO AAI'S FIRST SET OF DISCOVERY

Exhibit 1



S c h n a d e r
ATTORNEYS AT LAW

650 CALIFORNIA STREET   19TH FLOOR
SAN FRANCISCO, CA 94108-2736
415.364.6700   FAX 415.364.6785   schnader.com

September 19, 2017

William (Bill) D. Janicki
Direct Dial 415-364-6729
Direct Fax 415-364-6749
E-Mail:  wjanicki@schnader.com

**VIA E-MAIL:**  **joseph.duffy@morganlewis.com**

Joseph Duffy, Esq.
Morgan, Lewis & Bockius LLP
300 S. Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132

Re:    *Springer v. General Atomics Aero. Systems, et al.* **(SDCA Case No. 16-cv-2331)**
**GA-ASI's Responses to AAI's First Set of Interrogatories, Requests for**
**Production of Documents, and Requests for Admissions**

Dear Mr. Duffy:

I write regarding General Atomics Aeronautical Systems Inc.'s ("GA-ASI") deficient and
improper responses to AAI Corp.'s First Set of Interrogatories, Requests for Production of
Documents, and Requests for Admissions.  GA-ASI's discovery responses do not comply with
the requirements of the Federal Rules of Civil Procedure.  This letter is intended to partially
serve as AAI's meet and confer obligations under Rule 37 and the Southern District's local rules
prior to filing a motion to compel proper responses to AAI's discovery.  Please provide me with
your availability over the next week to follow up with a phone call to satisfy our meet and confer
obligations.  AAI intends to bring a motion to compel if proper discovery responses are not
immediately provided and will seek appropriate sanctions.

**I.    Improper Boilerplate Objections**

Almost every one of your discovery responses recite boilerplate objections devoid of
factual support or specificity.  These boilerplate objections are improper and could expose GA-
ASI and its counsel to sanctions.  AAI requests that you either remove your boilerplate
objections or properly support them with factual information.  *Davis v. Fendler*, 650 F.2d 1154,
1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court
can understand in what way the interrogatories are alleged to be objectionable").

Where "the responding party provides a boilerplate or generalized objection [to
discovery], the 'objections are inadequate and tantamount to not making any objection at all.'"
*O'Shea v. Am. Solar Sol., Inc.*, No. 14CV894-L (RBB), 2016 WL 701215, at *2 (S.D. Cal. Feb.
18, 2016); *Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC WVG, 2013 WL 990918, at *6

**Schnader**
ATTORNEYS AT LAW

September 19, 2017
Page 2

(S.D. Cal. Mar. 12, 2013) (quoting *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

A catalogue of boilerplate objections, including that a request is vague, ambiguous, overbroad, duplicative, and seeks irrelevant information, but which fail to provide any explanation or support for the objection is an insufficient response. *See Herrera v. AllianceOne Receivable Mgmt., Inc.*, No. 14-CV-1844-BTM (WVG), 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016). Responses which state without explanation that discovery requests are overbroad, unduly burdensome, unduly redundant to other discovery, oppressive, calls for narrative are general or boilerplate objections, are not proper objections. *Morrow v. City of San Diego*, No. 11 cv 1497-BAS(KSC), 2017 U.S. Dist. LEXIS 44788, at *3 (S.D. Cal. Mar. 24, 2017) (quoting *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649-650 (C.D. Cal. 2007)).

In responding to discovery, a party must clarify, explain, and support its objections. *Herrera*, 2016 WL 1182751, at *3 (citing *Anderson v. Hansen*, No. 1:09-CV-01924-LJO, 2012 WL 4049979, at *8 (E.D. Cal. Sept. 13, 2012)). "An objection must show specifically how [a discovery request] is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Morrow*, 2017 U.S. Dist. LEXIS 44788, at *3 (S.D. Cal. Mar. 24, 2017) (quoting *Chubb Integrated Sys. v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984)).

This Court has found that when a party provides only boilerplate objections with "no attempt to support their boilerplate objections with any explanation whatsoever," the requesting party is "entitled to an order compelling [responding party] to provide full and complete responses to defendant's special interrogatories without objections." *See Morrow*, 2017 U.S. Dist. LEXIS 44788, at *3. This Court has further held that unsupported boilerplate objections to interrogatories are insufficient and their use waives any legitimate objection. *Id.*

Here, GA-ASI's use of boilerplate objections is particularly problematic because they mask whether GA-ASI has provided full and complete responses to AAI's discovery requests. Please remove all boilerplate objections that are not supported by factual information or explanation, and fully respond to each discovery request as required by the Federal Rules.

## II.    No Privilege Log

Many of GA-ASI's responses to AAI's discovery requests assert that the information sought is protected by the attorney-client privilege and/or work product doctrine. GA-ASI has not identified that a privilege log will be produced. This Court has clearly stated:

To the extent that the response invokes a privilege or work product, [the responding party] is required to provide [the requesting party] with a privilege log that lists each document withheld from production. Fed.R.Civ.P. 26(b)(5)(A)(i)-

PHDATA 6173849_3

**Schnader**
ATTORNEYS AT LAW

September 19, 2017
Page 3

    (ii). A proper assertion of privilege or work product must contain the following for each document, communication, or information withheld:

        (1) Date of the creation of the document;
        (2) Author;
        (3) Primary addressee(s) and the relationship of that person(s) to the client and/or author of the document;
        (4) Secondary addressee(s), persons who received copies of the document and the recipient and the relationship of that person(s) to the client and/or author of the document;
        (5) Type of document;
        (6) Client (party asserting the privilege)
        (7) Attorneys (with an indication of who the attorney represents);
        (8) Subject matter of the document or privileged communication;
        (9) Purpose of the document or privileged communication (basis for the legal claim of privilege, work product or objection to production);
        (10) Whether the document, communication, or objection is attorney-client privilege, work product, or some other basis;
        (11) Identify each document by number.

*Herrera*, 2016 WL 1182751, at *3-4 (citations removed).

    If your response invokes the attorney-client privilege and/or work product doctrine, please produce a privilege log that lists each document withheld from production as required by the Federal Rules and the District Court for the Southern District of California.

### III.    GA-ASI's Improper Responses to Discovery

    GA-ASI admits that it sold the Legacy GCS and the OSGCS to the U.S. Army and that it connected the two units with an audio cable. At the time of the incident with plaintiff Mr. Springer, GA-ASI personnel were operating the Legacy GCS and responsible for the maintenance of the two units. But, in response to discovery, GA-ASI now claims to have almost no information about the GCS units or the connection between them. GA-ASI cannot identify the GCS units by model and serial number, cannot state where they are located, cannot state who is responsible for manufacturing and designing the units, cannot describe the connection between them, cannot identify the individuals responsible for connecting the two units together, and cannot locate the maintenance and operations records for them. GA-ASI goes so far as to state that it cannot find any reports of the incident when it has already provided Mr. Springer's report informally to AAI. GA-ASI fails to explain in detail why it cannot locate this basic information or the extent of its efforts to search for responsive information. These discovery responses are unacceptable, and GA-ASI is required to conduct a reasonable search for responsive information.

PHDATA 6173849_3

Schnader
A T T O R N E Y S   A T   L A W

September 19, 2017
Page 4

### a. GA-ASI's Interrogatory Responses Do Not Comply With Rule 33 and Are Vague, Evasive, and Incomplete

Interrogatories must be answered "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "A party answering interrogatories has an affirmative duty to furnish any and all information available to the party." *Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) (quoting 7 James Wm. Moore, et al., *Moore's Federal Practice, § 33.102[1]*, at 33-72 (footnote omitted)). "If a responding party is unable to provide the requested information, he may not simply refuse to answer." *Bryant*, 285 F.R.D. at 612. The responding party must state under oath that he is unable to provide the information and must describe the efforts he used to obtain the information. *Id.; see also* 7 James Wm. Moore, et al., *Moore's Federal Practice, § 33.102[3]*, at 33-75 (footnote omitted); *Franklin v. Smalls*, No. 09CV1067 MMA RBB, 2012 WL 5077630, at *6 (S.D. Cal. Oct. 18, 2012) ("responding party must state under oath that he is unable to answer the interrogatory and must describe the efforts made to obtain the answer").

"An answer to an interrogatory must be responsive to the question" and it "should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories." *Lawman v. City & Cty. of San Francisco*, 159 F. Supp. 3d 1130, 1140 (N.D. Cal. 2016) (citation omitted). An interrogatory response fails to comply with Rule 33 when it does not respond to information requested, and the party fails to explain under oath why they are unable to provide the information requested and fails to describe the efforts made to obtain the information. *Eclipse Grp. LLP v. Target Corp.*, No. 15CV1411-JLS (BLM), 2017 WL 2813683, at *5 (S.D. Cal. June 29, 2017).

Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

All of GA-ASI's interrogatory responses fail to comply with Rule 33 because they are not provided under oath. For interrogatories 1 to 7 and 11, GA-ASI's responses are further deficient for the following reasons: (1) they are not responsive to the question; (2) they are vague, evasive, and incomplete; (3) they fail to explain why GA-ASI is unable to provide the information requested; and (4) they fail to describe the efforts GA-ASI made to obtain the requested information under oath.

### b. GA-ASI's Responses to AAI's Requests For Production of Documents Do Not Comply with Rule 34

Under Rule 34, when responding to requests for production, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Rule 34 further requires that an "objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Blanket and unsupported objections to document requests do not comply with Rule 34. *Reddy v. Precyse Sols., LLC*, No.

PHDATA 6173849_3

Schnader
ATTORNEYS AT LAW

September 19, 2017
Page 5

1:12-CV-02061-AWI, 2015 WL 3797297, at *1 (E.D. Cal. June 18, 2015) (general objections to document requests do not comply with the requirements of the Federal Rules of Civil Procedure); *see also Advanced Visual Image Design, LLC v. Exist, Inc.*, No. EDCV 14-2525-JGB (KKx), 2015 U.S. Dist. LEXIS 109140, at *11 (C.D. Cal. Aug. 18, 2015) ("the conclusory, boilerplate and unsupported objections that the Request is 'overbroad, vague and ambiguous,' 'unduly burdensome,' and seeks attorney-client privileged information, make it difficult for [defendant] to determine whether production is complete").

In response to a request for production under Rule 34, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A party may be required to produce a document that is in the possession of a nonparty entity if the party has the legal right to obtain the document. *Bryant*, 285 F.R.D. at 603. The term "control" is broadly construed, and it includes documents that the responding party has the legal right to obtain from third parties. *Id.*; 7 James Wm. Moore, et al., *Moore's Federal Practice, § 34.14[2][b]*, at 34-73 to 34-75 (footnotes omitted).

A party responding to a document request "cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Bryant*, 285 F.R.D. at 607 (quoting *Meeks v. Parsons*, No. 1:03-CV-6700-LJO-GSA, 2009 WL 3003718, at *4 (E.D. Cal. Sept. 18, 2009)). GA's contractual relationship with the US Army may require GA to obtain documents from the Army that GA has the right to control.

"[W]hen a response to a production of documents is not a production or an objection, but an answer, the party must answer under oath." *Bryant*, 285 F.R.D. at 607; 7 James Wm. Moore, et al., *Moore's Federal Practice, § 34.13[2][a]*, at 34-57 (footnote omitted). If there are no responsive documents in the possession, custody, or control, after conducting an attempt to locate records, the party must state so under oath and describe efforts made to locate responsive documents. *Bryant*, 285 F.R.D. at 609. If the requested documents do not exist, a party must state so under oath. *Rogers v. Giurbino*, No. 11cv560 WQH (RBB), 2016 U.S. Dist. LEXIS 93178, at *11 (S.D. Cal. July 18, 2016)

All of GA-ASI's responses to AAI's document requests fail to comply with Rule 34 in that they (1) fail to provide all relevant documents in GA-ASI's possession, custody, or control; (2) fail to explain under oath why GA-ASI cannot locate responsive documents; (3) incorporate unsupported objections; and (4) fail to state whether any documents are withheld due to an objection.

### c. GA-ASI's Responses to AAI's Requests For Admissions Do Not Comply with Rule 36

Rule 36 allows for a party to serve on another party a written request to admit the truth of matters relating to facts, the application of law to fact or opinions about either. Fed. Civ. P.

PHDATA 6173849_3

Schnader
ATTORNEYS AT LAW

September 19, 2017
Page 6

36(a)(1)(A), (B).  "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."  *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) (citations omitted).

The answering party must admit the matter, or "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest."  *Id.*  If a party is unable to admit or deny the matter, the party must in their response, set forth in detail the reasons why they cannot truthfully admit or deny the matter. *Asea*, 669 F.2d at 1245.

An answering party must "make reasonable inquiry and secure such knowledge and information as are readily obtainable by him."  *Asea*, 669 F.2d at 1246.  "An *evasive* denial, one that does not 'specifically deny the matter,' or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission."  *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS(MDD), 2017 U.S. Dist. LEXIS 97727, at *7 (S.D. Cal. June 23, 2017) (quoting *Asea*, 669 F.2d at 1245) (emphasis included).

Parties should not "seek to evade disclosure by quibbling and objection."  *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994).  "A party may not avoid responding based on technicalities.  For example, a party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation."  *San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co.*, No. 15cv1401-BEN-MDD, 2017 U.S. Dist. LEXIS 143389, at *4 (S.D. Cal. Sep. 5, 2017).  If an answer does not comply with this rule, the court "may order either that the matter is admitted or that an amended answer be served."  Fed. R. Civ. P. 36(a)(6).

All of GA-ASI's responses to AAI's requests for admission improperly incorporate boilerplate objections.  GA-ASI's responses to requests 2 to 9 and 11 to 13 further fail to comply with Rule 36 because (1) they do not respond to the substance of the matter; (2) they do not admit, deny, or state in detail the reasons why GA-ASI cannot admit or deny the matter; (3) they seek to evade disclosure by quibbling and objection; and (4) they are evasive.

## IV.    Conclusion

GA-ASI's discovery responses are blatantly improper.  The law on boilerplate objections is well settled.  GA-ASI's use of unsupported objections to discovery in this manner may subject it to sanctions by the court.  Furthermore, discovery responses containing boilerplate objections fail to satisfy the requirements under Rule 26(g) that an attorney reflect on the legitimacy of any objections they make.  Rule 26(g)(3) specifically gives courts the power to sanction lawyers whose discovery objections do not comport with Rule 26(g)(1).  In addition, Rule 37(d) authorizes broad sanctions for attorney misconduct in discovery.

PHDATA 6173849_3

September 19, 2017
Page 7

     Here, sanctions are warranted against GA-ASI and their attorneys of record for failure to comply with their discovery obligations.  *See Advanced Visual Image Design*, 2015 U.S. Dist. LEXIS 109140, at *23 (finding sanctions were warranted due to plaintiff's (1) failure to provide complete, explicit responses without boilerplate, conclusory objections, so that defendant could determine whether all documents in plaintiff's possession, custody and control had been produced and (2) unjustified delay in producing documents).

     Should AAI be required to bring a motion to compel proper discovery responses that comply with the Federal Rules, AAI will seek appropriate sanctions.  Pursuant to Rule 37(a)(5)(A), if AAI brings motion to compel discovery which is granted, the court must require GA-ASI to pay AAI's expenses and attorney's fees for bringing such as motion.

     I look forward to hearing from you regarding this matter.

Regards,

William (Bill) D. Janicki

lml:WDJ

Exhibit 2

**Loh, Lilian M.**

| | |
|---|---|
| **From:** | Janicki, William D. |
| **Sent:** | Friday, September 22, 2017 9:06 AM |
| **To:** | 'joseph.duffy@morganlewis.com' |
| **Cc:** | Loh, Lilian M.; Shupe, Denny |
| **Subject:** | RE: Springer v. Gen. Atomics Aeronautical Systems, Inc. at al., 16-cv-2331-BTM-KSC: Def. AAI's Meet & Confer Ltr to General Atomics |
| **Attachments:** | 2017-09-19 Springer Defs AAIs Meet-Confer ltr re. GA-ASIs discov respons....pdf |
| **Categories:** | Springer/AAI |

Joe,

In my letter to you September 19, 2017, I asked you to provide me with your availability for a meet and confer telephone conference over the next week to discuss our discovery disagreements.  I have not heard from you.  As you know, Magistrate Crawford requires the parties to meet and confer via telephone conference to narrow the issues prior to bringing a motion to compel discovery.  AAI is diligently seeking to comply with the Court's requirements.

This is now my second request for you to provide me with your availability for a meet and confer telephone conference.  I can make myself available at your convenience anytime next week except for Friday.  I will be unavailable from September 29 through October 6, so we should conduct this conference next week.  In order to comply with Magistrate Crawford's timing requirements in bringing  motion to compel,  AAI will have to start drafting the motion without any of the issues being narrowed unless we speak next week, and AAI will seek appropriate sanctions.

I look forward to hearing back from you.

Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA  94108 | www.schnader.com
**Direct**: 415-364-6729 | **Mobile**: 916-346-8736 | wjanicki@schnader.com

---

**From:** Reyes, Tiana
**Sent:** Tuesday, September 19, 2017 4:23 PM
**To:** 'joseph.duffy@morganlewis.com'
**Cc:** Janicki, William D.; Loh, Lilian M.
**Subject:** Springer v. Gen. Atomics Aeronautical Systems, Inc. at al., 16-cv-2331-BTM-KSC: Def. AAI's Meet & Confer Ltr to General Atomics

Counsel,

Per Dkt. 19 in the above-referenced matter, attached please find Defendant's AAI's Meet & Confer Letter re. GA-ASI's responses to first sets of AAI's discovery requests.

Thank you,
Tiana Reyes
Legal Secretary
Schnader Harrison Segal & Lewis LLP
415-364-6720

Exhibit 3

**Janicki, William D.**

| | |
|---|---|
| **From:** | Janicki, William D. <WJanicki@Schnader.com> |
| **Sent:** | Wednesday, September 27, 2017 1:13 PM |
| **To:** | 'Duffy, Joseph' |
| **Cc:** | Loh, Lilian M.; Shupe, Denny |
| **Subject:** | Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX |
| **Attachments:** | Joint Motion re Disco Dispute GA Resp Set 1.DOCX |

Joe,

In advance of our call tomorrow regarding discovery, I have attached a DRAFT Joint Motion Regarding Discovery Dispute so that you can fully understand AAI's position. To the extent we can narrow the issues, or AAI receives supplemental responses, AAI will remove the relevant section from the Joint Motion. If we cannot resolve the issues presented here, AAI expects to receive GA-ASI's additions to the Joint Motion no later than October 11. AAI will file its motion to compel on October 13 pursuant to Magistrate Crawford's Chamber Rules.

Best,
Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA  94108 | www.schnader.com
**Direct:** 415-364-6729 | **Mobile:** 916-346-8736 | wjanicki@schnader.com

New York | Pennsylvania | California | Washington, DC | New Jersey | Delaware

Exhibit 4

**Janicki, William D.**

| | |
|---|---|
| **From:** | Janicki, William D. <WJanicki@Schnader.com> |
| **Sent:** | Friday, September 29, 2017 7:18 AM |
| **To:** | 'Duffy, Joseph' |
| **Cc:** | Loh, Lilian M.; Shupe, Denny |
| **Subject:** | RE: Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX |

Joe,

This email follows up on our meet and confer telephone conference yesterday. We discussed the issues raised by me in my draft Joint Motion Regarding Discovery Dispute. You agreed to provide supplemental responses on behalf of GA responding to our discovery requests and the issues I raised. I reminded you that the Court imposes a 45 day limit on bringing a motion to compel, or the issues would be waived. AAI intends to file the Joint Motion Regarding Discovery Dispute as described in my prior correspondence. We will remove any issues that are satisfied by a supplemental response from you. For those responses that you do not intend to fully respond, I suggest that you complete the sections of the Joint Motion for submission to the Court by October 11 for filing on October 13.

I also told you that AAI will seek to depose GA witnesses with knowledge regarding the issues raised in our discovery. I will send separately a draft corporate deposition notice so you can see the topics we intend to examine. Please let me know a convenient location to depose GA witnesses and begin looking for dates beginning after October 22.

Best,
Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA  94108 | www.schnader.com
**Direct:** 415-364-6729 | **Mobile:** 916-346-8736 | wjanicki@schnader.com

**From:** Janicki, William D. [mailto:WJanicki@Schnader.com]
**Sent:** Wednesday, September 27, 2017 1:13 PM
**To:** 'Duffy, Joseph'
**Cc:** Loh, Lilian M.; Shupe, Denny
**Subject:** Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX

Joe,

In advance of our call tomorrow regarding discovery, I have attached a DRAFT Joint Motion Regarding Discovery Dispute so that you can fully understand AAI's position. To the extent we can narrow the issues, or AAI receives supplemental responses, AAI will remove the relevant section from the Joint Motion. If we cannot resolve the issues presented here, AAI expects to receive GA-ASI's additions to the Joint Motion no later than October 11. AAI will file its motion to compel on October 13 pursuant to Magistrate Crawford's Chamber Rules.

Best,
Bill

---

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA  94108 | www.schnader.com
**Direct**: 415-364-6729 | **Mobile**: 916-346-8736 |wjanicki@schnader.com

New York | Pennsylvania | California | Washington, DC | New Jersey | Delaware

Exhibit 5

**Janicki, William D.**

| | |
|---|---|
| **From:** | Duffy, Joseph <joseph.duffy@morganlewis.com> |
| **Sent:** | Monday, October 09, 2017 11:12 AM |
| **To:** | Janicki, William D. |
| **Cc:** | Loh, Lilian M.; Shupe, Denny |
| **Subject:** | Re: Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX |
| **Attachments:** | mg_info.txt |

Thanks Bill. We are working on our responses and the motion but a couple more days would help.

Joe

Joseph Duffy
Morgan, Lewis & Bockius LLP
300 S. Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7378 | Main: +1.213.612.2500 | Cell: +1.215.760.1180
joseph.duffy@morganlewis.com | www.morganlewis.com
Assistant: Lisa M. Wright | +1.213.612.7361 | lisa.wright@morganlewis.com

---

**From:** "Janicki, William D." <WJanicki@Schnader.com>
**Date:** Monday, October 9, 2017 at 10:17:46 AM
**To:** "Duffy, Joseph" <joseph.duffy@morganlewis.com>
**Cc:** "Loh, Lilian M." <LLoh@Schnader.com>, "Shupe, Denny" <DShupe@schnader.com>
**Subject:** RE: Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX

Joe,
I have not heard from you regarding supplemental discovery responses from GA-ASI.

I again attach a DRAFT Joint Motion for Determination of Discovery Dispute. I have requested several times that you provide GA-ASI's input by October 11. Please let me know if you need an additional day or two to complete the joint motion. If I do not receive your response, I will convert this to an Ex Parte Motion and file with the court.

Best,
Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA 94108 | www.schnader.com
**Direct:** 415-364-6729 | **Mobile:** 916-346-8736 | wjanicki@schnader.com

---

**From:** Janicki, William D. [mailto:WJanicki@Schnader.com]
**Sent:** Friday, September 29, 2017 7:18 AM

**To:** 'Duffy, Joseph'
**Cc:** Loh, Lilian M.; Shupe, Denny
**Subject:** RE: Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX

Joe,

This email follows up on our meet and confer telephone conference yesterday.  We discussed the issues raised by me in my draft Joint Motion Regarding Discovery Dispute.  You agreed to provide supplemental responses on behalf of GA responding to our discovery requests and the issues I raised.  I reminded you that the Court imposes a 45 day limit on bringing a motion to compel, or the issues would be waived.  AAI intends to file the Joint Motion Regarding Discovery Dispute as described in my prior correspondence.  We will remove any issues that are satisfied by a supplemental response from you.  For those responses that you do not intend to fully respond, I suggest that you complete the sections of the Joint Motion for submission to the Court by October 11 for filing on October 13.

I also told you that AAI will seek to depose GA witnesses with knowledge regarding the issues raised in our discovery.  I will send separately a draft corporate deposition notice so you can see the topics we intend to examine.  Please let me know a convenient location to depose GA witnesses and begin looking for dates beginning after October 22.

Best,
Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA  94108 | www.schnader.com
**Direct**: 415-364-6729 | **Mobile**: 916-346-8736 | wjanicki@schnader.com

**From:** Janicki, William D. [mailto:WJanicki@Schnader.com]
**Sent:** Wednesday, September 27, 2017 1:13 PM
**To:** 'Duffy, Joseph'
**Cc:** Loh, Lilian M.; Shupe, Denny
**Subject:** Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX

Joe,

In advance of our call tomorrow regarding discovery, I have attached a DRAFT Joint Motion Regarding Discovery Dispute so that you can fully understand AAI's position.  To the extent we can narrow the issues, or AAI receives supplemental responses, AAI will remove the relevant section from the Joint Motion.  If we cannot resolve the issues presented here, AAI expects to receive GA-ASI's additions to the Joint Motion no later than October 11.  AAI will file its motion to compel on October 13 pursuant to Magistrate Crawford's Chamber Rules.

Best,
Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP

650 California Street, Suite 1900 | San Francisco, CA  94108 |  www.schnader.com
**Direct**: 415-364-6729 |  **Mobile**: 916-346-8736 | wjanicki@schnader.com

New York | Pennsylvania | California | Washington, DC | New Jersey | Delaware

NOTICE: The information contained in this communication may constitute a confidential or attorney-client privileged communication. If you have received this communication in error, do not read it. It is not intended for transmission to, or receipt by, any unauthorized persons. Please delete it from your system without copying it, and notify the sender by reply email or by calling (215) 751-2000, so that our address record can be corrected. Thank you.

Exhibit 6

**Janicki, William D.**

| | |
|---|---|
| **From:** | Duffy, Joseph <joseph.duffy@morganlewis.com> |
| **Sent:** | Wednesday, October 11, 2017 4:07 PM |
| **To:** | Janicki, William D. |
| **Subject:** | RE: Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX |

Bill—we can have you our inserts by Friday and we will be sending you the verifications and supplemental responses shortly.

Joe

**Joseph Duffy**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7378 | Main: +1.213.612.2500 | Fax: +1.213.612.2501
joseph.duffy@morganlewis.com | www.morganlewis.com
Assistant: Lisa M. Wright | +1.213.612.7361 | lisa.wright@morganlewis.com

---

**From:** Janicki, William D. [mailto:WJanicki@Schnader.com]
**Sent:** Monday, October 9, 2017 10:15 AM
**To:** Duffy, Joseph <joseph.duffy@morganlewis.com>
**Cc:** Loh, Lilian M. <LLoh@Schnader.com>; Shupe, Denny <DShupe@schnader.com>
**Subject:** RE: Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX

Joe,
I have not heard from you regarding supplemental discovery responses from GA-ASI.

I again attach a DRAFT Joint Motion for Determination of Discovery Dispute. I have requested several times that you provide GA-ASI's input by October 11. Please let me know if you need an additional day or two to complete the joint motion. If I do not receive your response, I will convert this to an Ex Parte Motion and file with the court.

Best,
Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA  94108 | www.schnader.com
**Direct:** 415-364-6729 | **Mobile:** 916-346-8736 | wjanicki@schnader.com

---

**From:** Janicki, William D. [mailto:WJanicki@Schnader.com]
**Sent:** Friday, September 29, 2017 7:18 AM
**To:** 'Duffy, Joseph'
**Cc:** Loh, Lilian M.; Shupe, Denny
**Subject:** RE: Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX

Joe,

This email follows up on our meet and confer telephone conference yesterday. We discussed the issues raised by me in my draft Joint Motion Regarding Discovery Dispute. You agreed to provide supplemental responses on behalf of GA responding to our discovery requests and the issues I raised. I reminded you that the Court imposes a 45 day limit on bringing a motion to compel, or the issues would be waived. AAI intends to file the Joint Motion Regarding Discovery Dispute as described in my prior correspondence. We will remove any issues that are satisfied by a supplemental response from you. For those responses that you do not intend to fully respond, I suggest that you complete the sections of the Joint Motion for submission to the Court by October 11 for filing on October 13.

I also told you that AAI will seek to depose GA witnesses with knowledge regarding the issues raised in our discovery. I will send separately a draft corporate deposition notice so you can see the topics we intend to examine. Please let me know a convenient location to depose GA witnesses and begin looking for dates beginning after October 22.

Best,
Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA  94109 | www.schnader.com
**Direct**: 415-364-6729 | **Mobile**: 916-346-8736 | wjanicki@schnader.com

**From:** Janicki, William D. [mailto:WJanicki@Schnader.com]
**Sent:** Wednesday, September 27, 2017 1:13 PM
**To:** 'Duffy, Joseph'
**Cc:** Loh, Lilian M.; Shupe, Denny
**Subject:** Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX

Joe,

In advance of our call tomorrow regarding discovery, I have attached a DRAFT Joint Motion Regarding Discovery Dispute so that you can fully understand AAI's position. To the extent we can narrow the issues, or AAI receives supplemental responses, AAI will remove the relevant section from the Joint Motion. If we cannot resolve the issues presented here, AAI expects to receive GA-ASI's additions to the Joint Motion no later than October 11. AAI will file its motion to compel on October 13 pursuant to Magistrate Crawford's Chamber Rules.

Best,
Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA  94109 | www.schnader.com
**Direct**: 415-364-6729 | **Mobile**: 916-346-8736 | wjanicki@schnader.com

New York | Pennsylvania | California | Washington, DC | New Jersey | Delaware

NOTICE: The information contained in this communication may constitute a confidential or attorney-client privileged communication. If you have received this communication in error, do not read it. It is not intended for transmission to, or receipt by, any unauthorized persons. Please delete it from your system without copying it, and notify the sender by reply email or by calling (215) 751-2000, so that our address record can be corrected. Thank you.

Exhibit 7

**Janicki, William D.**

---

| | |
|---|---|
| **From:** | Duffy, Joseph <joseph.duffy@morganlewis.com> |
| **Sent:** | Friday, October 13, 2017 3:49 PM |
| **To:** | Janicki, William D. |
| **Subject:** | RE: Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX |

Bill

I am still awaiting to hear from my client on a couple issues and would ask to Monday to send you our inserts.  I believe this would be due to the court by the 23rd and so hopefully that gives us enough time to narrow the issues.  As you will see on Monday, we are agreeing to withdraw a number of objections, to supplement responses, and of course to send you the verification and additional documents.  Thanks.

Joe

**Joseph Duffy**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7378 | Main: +1.213.612.2500 | Fax: +1.213.612.2501
joseph.duffy@morganlewis.com | www.morganlewis.com
Assistant: Lisa M. Wright | +1.213.612.7361 | lisa.wright@morganlewis.com

---

**From:** Duffy, Joseph
**Sent:** Wednesday, October 11, 2017 4:07 PM
**To:** 'Janicki, William D.' <WJanicki@Schnader.com>
**Subject:** RE: Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX

Bill—we can have you our inserts by Friday and we will be sending you the verifications and supplemental responses shortly.

Joe

**Joseph Duffy**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7378 | Main: +1.213.612.2500 | Fax: +1.213.612.2501
joseph.duffy@morganlewis.com | www.morganlewis.com
Assistant: Lisa M. Wright | +1.213.612.7361 | lisa.wright@morganlewis.com

---

**From:** Janicki, William D. [mailto:WJanicki@Schnader.com]
**Sent:** Monday, October 9, 2017 10:15 AM
**To:** Duffy, Joseph <joseph.duffy@morganlewis.com>
**Cc:** Loh, Lilian M. <LLoh@Schnader.com>; Shupe, Denny <DShupe@schnader.com>
**Subject:** RE: Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX

Joe,

I have not heard from you regarding supplemental discovery responses from GA-ASI.

I again attach a DRAFT Joint Motion for Determination of Discovery Dispute.  I have requested several times that you provide GA-ASI's input by October 11.  Please let me know if you need an additional day or two to complete the joint motion.  If I do not receive your response, I will convert this to an Ex Parte Motion and file with the court.

Best,
Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA  94108 | www.schnader.com
**Direct**: 415-364-6729 | **Mobile**: 916-346-8736 | wjanicki@schnader.com

---

**From:** Janicki, William D. [mailto:WJanicki@Schnader.com]
**Sent:** Friday, September 29, 2017 7:18 AM
**To:** 'Duffy, Joseph'
**Cc:** Loh, Lilian M.; Shupe, Denny
**Subject:** RE: Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX

Joe,
This email follows up on our meet and confer telephone conference yesterday.  We discussed the issues raised by me in my draft Joint Motion Regarding Discovery Dispute.  You agreed to provide supplemental responses on behalf of GA responding to our discovery requests and the issues I raised.  I reminded you that the Court imposes a 45 day limit on bringing a motion to compel, or the issues would be waived.  AAI intends to file the Joint Motion Regarding Discovery Dispute as described in my prior correspondence.  We will remove any issues that are satisfied by a supplemental response from you.  For those responses that you do not intend to fully respond, I suggest that you complete the sections of the Joint Motion for submission to the Court by October 11 for filing on October 13.

I also told you that AAI will seek to depose GA witnesses with knowledge regarding the issues raised in our discovery.  I will send separately a draft corporate deposition notice so you can see the topics we intend to examine.  Please let me know a convenient location to depose GA witnesses and begin looking for dates beginning after October 22.

Best,
Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA  94108 | www.schnader.com
**Direct**: 415-364-6729 | **Mobile**: 916-346-8736 | wjanicki@schnader.com

---

**From:** Janicki, William D. [mailto:WJanicki@Schnader.com]
**Sent:** Wednesday, September 27, 2017 1:13 PM
**To:** 'Duffy, Joseph'
**Cc:** Loh, Lilian M.; Shupe, Denny
**Subject:** Springer v. GA-ASI et al: Joint Motion re Disco Dispute GA Resp Set 1.DOCX

Joe,

In advance of our call tomorrow regarding discovery, I have attached a DRAFT Joint Motion Regarding Discovery Dispute so that you can fully understand AAI's position.  To the extent we can narrow the issues, or AAI receives supplemental responses, AAI will remove the relevant section from the Joint Motion.  If we cannot resolve the issues presented here, AAI expects to receive GA-ASI's additions to the Joint Motion no later than October 11.  AAI will file its motion to compel on October 13 pursuant to Magistrate Crawford's Chamber Rules.

Best,
Bill

**William D. Janicki** | Schnader Harrison Segal & Lewis LLP
650 California Street, Suite 1900 | San Francisco, CA  94108 | www.schnader.com
**Direct**: 415-364-6729 | **Mobile**: 916-346-8736 | wjanicki@schnader.com

New York | Pennsylvania | California | Washington, DC | New Jersey | Delaware

NOTICE: The information contained in this communication may constitute a confidential or attorney-client privileged communication. If you have received this communication in error, do not read it. It is not intended for transmission to, or receipt by, any unauthorized persons. Please delete it from your system without copying it, and notify the sender by reply email or by calling (215) 751-2000, so that our address record can be corrected. Thank you.