UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL L. SPRINGER, an individual,<br><br>                               Plaintiff,<br>v.<br><br>GENERAL ATOMICS AERONAUTICAL SYSTEMS INC., a Delaware corporation; and AAI CORPORATION, a Maryland corporation,<br><br>                              Defendants. | Case No.: 16cv2331-BTM(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (AAI's FIRST SET OF DISCOVERY)**<br><br>**[Doc. No. 27.]** |

      Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. [Doc. No. 27.] In the 65-page Joint Motion, defendant AAI Corporation (AAI) seeks an order compelling defendant General Atomics Aeronautical Systems Inc. (General Atomics) to provide further, supplemental responses to various discovery requests including interrogatories, requests for production of documents, and requests for admissions. For the most part, General Atomics has agreed to amend or supplement its responses, but no amended responses were completed prior to the filing of the parties' Joint Motion. For this and the other reasons outlined more fully below, the Court finds

/ / /

1

16cv2331-BTM(KSC)

that AAI's request for an order compelling General Atomics to amend/supplement its responses to these discovery requests must be GRANTED.

### *Discussion*

**A.    *Unsigned Discovery Requests.***

One of AAI's complaints about General Atomics' discovery responses is that they are not signed "under oath."  [Doc. No. 27, at p. 3.]  Federal Rule of Civil Procedure 26(g)(1)(A) and (B) states as follows:

> Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery . . . response, or objection ***must be signed*** by at least one attorney of record in the attorney's own name . . . .  By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonably inquiry:
>
> (A)    with respect to a disclosure, it is complete and correct as of the time it is made; and
>
> (B)    with respect to a discovery . . . response, or objection, it is:
>
> > (i)    consistent with [the Federal Rules of Civil Procedure] and warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> >
> > (ii)    not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> >
> > (iii)    neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed.R.Civ.P. 26(g)(1)(A)&(B)(i)-(iii) (emphasis added).

///

///

///

In addition, Rule 33 states as follows: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing **_under oath_**." Fed.R.Civ.P. 33(b)(1)(3) (emphasis added). "The person who makes the answers must sign them and the attorney who objects must sign any objections." Fed.R.Civ.P. 33(b)(1)(5).

In the Joint Motion, General Atomics states that it will provide verifications with its supplemental responses. In other words, General Atomics concedes that the discovery responses at issue in the parties' Joint Motion did not comply with the above-referenced signature requirements. AAI is therefore entitled to an order compelling compliance with the signature requirements of Federal Rules 26 and 33.

### B. _Boilerplate Objections to All Written Discovery Requests._

"Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." _Walker v. Lakewood Condo. Owners Ass'n_, 186 F.R.D. 584, 587 (C.D. Cal. 1999). _See, e.g., Anderson v. Hansen_, No. 09-cv-01924-LJO, 2012 WL 4049979, at 8 (E.D. Cal. Sept. 13, 2012) (overruling the defendant's boilerplate objections to requests for admissions in their entirety because "boilerplate objections do not suffice" and because objections must be clarified, explained, and supported). In this regard, Rule 33 states that: "The grounds for objecting to an interrogatory must be stated with specificity." Fed.R.Civ.P. 33(b)(1)(4). With respect to document requests, Rule 34 provides that responses "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objection to the request, including the reasons. . . . An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed.R.Civ.P. 34(b)(2)(B)&(C). Finally, Rule 36 states that: "The grounds for objecting to a request [for admission] must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Fed.R.Civ.P. 36(a)(5).

All of General Atomics' responses to AAI's discovery requests are made "subject to" an introductory section entitled "General Objections." [Doc. No. 27, at p. 4 _et seq._]

All of these General Objections are boilerplate, non-specific, and unsupported. The Court agrees with AAI that these objections are improper and should not be included in General Atomics' responses. Accordingly, the objections listed in the introductory, "General Objections" sections of AAI's written discovery responses are all overruled.

With respect to each individual written discovery request in dispute in the parties' Joint Motion, General Atomics also made its responses "subject to" additional boilerplate objections. For example, **_Request for Admission No. 1_** states as follows: "Admit that Daniel Springer was located in the Legacy GCS at the time of the incident." [Doc. No. 27, at p. 43.] General Atomics raised a number of boilerplate objections to this request and then *admitted* the request "[s]ubject to and without waiving the foregoing objections." [Doc. No. 27, at p. 44.] This type of response to a discovery request is confusing and misleading and "leaves the requesting party guessing and wondering" as to whether the responding party actually provided a complete and accurate response. *See, e.g., Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 584 (N.D. Tex. 2016). *See also Sherwin-Williams Co. v. JB Collision Servs., Inc.*, No. 13cv1946-LAB(WVG) (S.D. Cal. July 9, 2014). Nor do such responses comply with the Federal Rules of Civil Procedure.

Based on the foregoing, this type of general, "subject to," boilerplate objection should not be included in any supplemental responses by General Atomic unless each and every objection can be supported and/or made more specific. ***If General Atomics continues to include general, boilerplate, unsupported, and/or non-specific objections in its supplemental responses, the Court will overrule the objections and consider imposing monetary sanctions.***

C. **_Incomplete Responses and Agreement to Supplement._**

Based on a review of the Joint Motion, it is apparent that the parties' disputes over defendant AAI's interrogatories, document requests, and requests for admissions to General Atomics are not ripe for resolution by the Court, and the parties should have requested an extension of time to present their Joint Motion. For example, many

4

16cv2331-BTM(KSC)

responses by General Atomics indicate that it had not yet located information needed in order to provide substantive responses to AAI's discovery requests. Other responses indicate that General Atomics had already agreed to supplement its responses but had not yet done so. In addition, General Atomics agreed to produce a number of documents when located.

After the Joint Motion was filed, General Atomics submitted a Declaration stating that it produced additional documents and expected a further production of documents within a couple of weeks. [Doc. No. 31, at p. 2.] The Declaration also states that General Atomics had been able to identify the equipment allegedly involved in the incident that is the subject of the plaintiff's Complaint. As a result, General Atomics was able "to track down the additional substantive information sought by AAI" and represented "that [this information would] be reflected in [General Atomics'] supplemental discovery responses." [Doc. No. 31, at p. 3.]

Under the circumstances presented, it would be unproductive and ineffective for the Court to issue a detailed ruling on each and every outdated and incomplete response to interrogatories, document requests, and requests for admissions that were raised in the parties' Joint Motion. Instead, the Court finds that defendant AAI is entitled to a general order requiring defendant General Atomics to supplement its responses to these written discovery requests and to complete the production of documents in its possession to the extent it has not already done so. Should outstanding issues remain thereafter as to the disputed discovery requests raised in the instant Joint Motion, the parties must meet and confer and, if necessary, re-file an updated version of their Joint Motion, limited to these discovery requests. If it is necessary for the parties to re-file an updated version of their Joint Motion, they must, of course, delete matters that have already been resolved and comply with the operative Scheduling Order. To aid in this process, the Court provides the following directives and reminders which relate to issues raised by AAI in the parties' Joint Motion.

///

### 1. *Interrogatories*.

"If a responding party is unable to provide the requested information, he may not simply refuse to answer. [Citations omitted.] The responding party must state under oath that he is unable to provide the information and **must describe the efforts he used to obtain the information**. [Citations omitted.]" *Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) (emphasis added).

"An answer to an interrogatory should be complete in itself: '[A]n answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.' [Citations omitted.] A party's interrogatory response may refer to business records or abstracts only 'if the burden of deriving or ascertaining the answer will be substantially the same for either party.' Fed. R. Civ. P. 33(d)." *Lawman v. City & Cty. of San Francisco*, 159 F. Supp. 3d 1130, 1140 (N.D. Cal. 2016). For example, it is not enough to say, "See Response to Interrogatory No. 1." [Doc. No. 27, at p. 13.]

### 2. *Requests for Production of Documents*.

Once again, general, boilerplate objections without specific explanations are not appropriate. General Atomics must clearly state *as part of its responses and on a response-by-response basis* whether or not any responsive documents are being withheld based on an objection, a privilege, or for any other reason. Fed.R.Civ.P. 34(b)(2)(C).

"A party responding to a document request cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Bryant v. Armstrong*, 285 F.R.D. at 607 (internal quotations and citation omitted). "When a party responds to a document request with an answer as opposed to production or an objection, the party must answer under oath. [Citations

6

omitted.] If [a party's] response is that there is no relevant material in [the party's] control, [the party] must state so under oath." *Id.* at 609-610, 615. That party must also "describe efforts he made to locate responsive documents." *Id.* at 603, 612.

### 3. *Requests for Admissions*.

Under Federal Rule of Civil Procedure 36(a), "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(l) relating to: (A) facts, the application of law to fact, or opinions about either; . . . ." Fed.R.Civ.P. 36(a)(l). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). "[T]o aid the quest for relevant information parties should not seek to evade disclosure by quibbling and objection. They should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994).

Rule 36(a)(4) provides as follows: "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed.R.Civ.P. 36(a)(4).

"The party to whom requests for admission are propounded acts at his own peril when answering or objecting. Gamesmanship in the form of non-responsive answers, vague promises of a future response, or quibbling objections can result in the request being deemed admitted or in a post-trial award of monetary sanctions without prior opportunity to correct the deficiency. Therefore, the only safe course of action for

///

counsel is to adhere to the plain language of Rule 36(a)." *House v. Giant of Maryland LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005).

Although General Atomics indicated it would amend/supplement its responses to AAI's Requests for Admissions to address issues involving improper objections, incomplete responses, and newly discovered information, some other issues were apparent in AAI's initial responses, as reflected below.

***Request for Admission No. 2***, for example, states as follows: "Admit that General Atomics was responsible for the design and manufacture of the Legacy GCS." [Doc. No. 27, at p. 44.] General Atomics "denied" this request and then stated that "[t]he Legacy GCS was ***approved*** by the U.S. Government pursuant to government contracts." [Doc. No. 27, at p. 45 (emphasis added).] In the Joint Motion, General Atomics attempts to defend its qualified denial of this request by stating that it simply included "additional information" indicating that the Legacy GCS was approved by the U.S. Government. However, this response is evasive in that it "does not answer the question presented." [Doc. No. 27, at p. 45.] Nor does the denial "fairly respond to the substance of the matter." Fed.R.Civ.P. 36(a)(4). The substance of the request relates to the "design and manufacture of the Legacy GCS" [Doc. No. 27, at p. 44.] and does not ask about approval by the U.S. Government. As a result, General Atomics' response to this request does not comply with Rule 36(a)(4).

***Request for Admission No. 4*** states as follows: "Admit that the Legacy GCS was connected to the OSGCS at the time of the incident, among other reasons, to enable a pilot in the Legacy GCS to monitor the audio system in the OSCGCS." [Doc. No. 27, at p. 49.] General Atomics provided the following response to this request: "Admitted that it was typical for a Legacy GCS to be connected to an OSGCS to allow a pilot in a Legacy GCS to monitor the audio system in an OSGCS. After reasonable investigation, [General Atomics] has not yet located any information responsive to the remaining allegations in this request and it cannot admit or deny them. They are therefore deemed denied." [Doc. No. 27, at p. 50.] The Court notes that a request for admission cannot be

"deemed denied." See Fed.R.Civ.P. 36(a)(4). [Doc. No. 27, at p. 20.] Rather, under Rule 36(a)(4), an answering party can only admit, deny, or "state in detail why [it] cannot truthfully admit or deny [the substance of the request]." Fed.R.Civ.P. 36(a)(4). Although General Atomics' response to this request does include a partial admission "that it was *typical* for a Legacy GCS to be connected to an OSGCS to allow a pilot in a Legacy GCS to monitor the audio system in an OSGCS" [Doc. No. 27, at p. 50 (emphasis added)], this partial admission is essentially non-responsive. Request for Admission No. 4 does not seek information about what is typical. Rather, AAI seeks information about specific equipment during a specific time period. In addition, the response does not explain in sufficient detail why General Atomics cannot admit or deny the request. General Atomics did include more details in the parties' Joint Motion, but it must supplement its responses with these details, as well as any other details uncovered based on more recent developments. As noted above, General Dynamics submitted a Declaration after the parties Joint Motion was filed, and this Declaration states that additional documents were produced and the equipment allegedly involved in the incident was identified. The same or similar problems are evident in General Atomics' responses to other requests for admissions. Therefore, the Court finds that AAI is entitled to an order requiring General Atomics to amend/supplement all of its responses to fully and specifically comply with Rule 36(a)(4).

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that AAI's request for an order compelling further responses to written discovery by General Atomics is GRANTED. IT IS FURTHER ORDERED that ***no later than February 2, 2018*** and to the extent it has not already done so General Atomics shall:

1. Serve amended/supplemental responses to AAI's first set of written discovery, including interrogatories, document requests, and requests for admissions, that comply with this Order and that are signed in accordance with Federal Rules 26(g)(1)(A) and (B). General Atomics' amended/supplemental responses to

interrogatories must also comply with the signature requirements in Federal Rule 33(b)(1)(5). In addition, General Atomics' responses to document requests must be made under oath as provided in *Bryant v. Armstrong*, 285 F.R.D. at 607-615.

2. The non-specific, boilerplate objections in the "General Objections" section of General Atomics' responses to interrogatories, document requests, and requests for admissions are OVERRULED and STRICKEN for failure to comply with the specificity requirements in the Federal Rules.

3. Serve amended/supplemental responses to AAI's first set of written discovery, including interrogatories, document requests, and requests for admissions, that fully comply with the Federal Rules and exclude "subject to" and other non-specific, boilerplate objections that are unexplained and unsupported.

4. Produce all documents responsive to AAI's first set of document requests that are in General Atomics' possession, custody, or control.

5. Serve amended/supplemental responses to AAI's first set of requests for admission that fully comply with Federal Rule 36(a)(4).

IT IS SO ORDERED.

Dated: January 18, 2018

Hon. Karen S. Crawford
United States Magistrate Judge

10

16cv2331-BTM(KSC)